THE STATE, EX REL. RECODAT COMPANY, *v.* BUCHANAN, AUDITOR, ET AL.

[Cite as State, ex rel. Recodat Co., *v.* Buchanan (1989),
46 Ohio St. 3d 163.]

(No. 88-2183—Submitted August 15, 1989—Decided October 25, 1989.)

*Delligatti, Hollenbaugh, Briscoe & Milless* and *H. Ritchey Hollenbaugh,* for relator.

*Robert L. Becker,* prosecuting attorney, and *Pauline E. O'Neill,* for respondents.

*Per Curiam.* R.C. 149.43(B) provides:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

The parties do not dispute that the records requested are public records that must be made available to the public. The dispute is whether a particular form of the records must be made available.

Most of the records are kept in two forms: one is the traditional form kept in the office of the auditor and is available to be copied and supplied to the public; the other is contained on magnetic computer tapes in the possession of ATEK.

In *State, ex rel. Cincinnati Post,* v. *Schweikert* (1988), 38 Ohio St. 3d 170, 527 N.E. 2d 1230, we held that compilations of information gathered from public records are also public records that must be disclosed to the public pursuant to R.C. 149.43(B). Thus, one could argue that putting the records on magnetic computer tapes, as in the instant case, is, in a sense, a compilation, and the tapes should be disclosed.

However, the report in *Schweikert* was the only report in existence. The compilation became a *separate identifiable record.* In the instant case, most of the records on the magnetic tapes are not essentially different from the records that can be copied in the auditor's office during regular business hours, even though the tapes apparently contain additional information that is not available at the office. The tapes are not, however, a separate public record.

Under R.C. 149.43(B), the duty of providing public records lies with the public office maintaining the records: "All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." Accordingly, the form the records should take also lies with the public office.

A public office that chooses to use magnetic tape as a means of storage must also comply with R.C. 9.01, which authorizes public offices to use electronic and photographic methods of keeping records, including magnetic computer tape. R.C. 9.01 makes it clear that a member of the public does not have to deal with a third party to obtain public records. The statute states in part:

"All persons utilizing the methods [including magnetic tapes] described in this section for keeping records and information *shall keep and make readily available to the general public the machines and equipment necessary to reproduce the records and information in a readable form.*" (Emphasis added.) R.C. 9.01.

In order to comply with R.C. 9.01, respondents are required to have

machines available to reproduce the public records that are stored on magnetic computer tape. R.C. 9.01 was apparently enacted (1) to authorize the use of modern technological methods of copying and storing public records and (2) to permit properly identified copies of public records (that are required to be kept and have been reproduced from microfilm, magnetic tapes, and other photographic and electronic records) to have the same legal effect as the originals. R.C. 9.01 does not require any particular procedure to be followed in complying with its disclosure requirements. Thus, neither R.C. 149.43(B) nor 9.01 requires a public office to provide to the public, including relator, actual copies of the means of storage of public information.

We hold that the records that are available in respondents' office should be made available for copying during regular business hours, and that the records that are not available in respondents' office for copying should be made available by respondents in their office so that the public, including relator, does not have to deal with a private third party in order to gain access to the records. The cost of providing the records that are stored on magnetic computer tapes should be incurred by respondents and charged to the public, including relator, at the *same cost* that respondents charge for records that are kept in their office and not stored on magnetic computer tapes.

The problem of protecting ATEK's proprietary interest in its software must be resolved by ATEK and respondents and should not burden the public, since R.C. 149.43(B) requires disclosure of the records and R.C. 9.01 requires the respondents to provide the necessary equipment to copy the records.

However, even though the software is needed to access the information on the magnetic computer tapes, relator's argument that the software is also a public record fails because the magnetic tapes are not public records copies of which must be provided to the public. The method of complying with the statutes is left to respondents.

Therefore, we grant a limited writ of mandamus requiring respondents to make available, at the same cost as is charged for copies made from records maintained in their office, copies of all public records stored on magnetic computer tapes in the possession of ATEK that are not available for copying in respondents' office. We do not, however, require respondents to obtain copies of the magnetic tapes or the software from ATEK for delivery to the relator, as demanded in the complaint. Respondents *may* arrange for the relator to obtain the magnetic tapes pursuant to any agreement; however, they have no duty to provide the public records in the form of magnetic computer tapes and the software to access them.

*Limited writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.