THE STATE, EX REL. MARGOLIUS, *v.* CITY OF CLEVELAND ET AL.

[Cite as *State, ex rel. Margolius, v. Cleveland* (1992), 62 Ohio St.3d 456.]

(No. 91–367—Submitted November 6, 1991—Decided February 5, 1992.)

458

*American Civil Liberties Union of Ohio* and *Susan M. Gilles,* for relator.

*Danny Williams,* Director of Law, *Gary N. Travis* and *Joseph J. Jerse,* for respondents.

*Baker & Hostetler, David L. Marburger* and *Loretta H. Garrison,* urging allowance of the writ for *amici curiae,* Plain Dealer Publishing Company et al.

WRIGHT, J.   This action requires a comprehensive review of *State, ex rel. Recodat, v. Buchanan* (1989), 46 Ohio St.3d 163, 546 N.E.2d 203, a decision in which we declared that " * * * neither R.C. 149.43(B) nor 9.01 requires a public office to provide to the public * * * actual copies of the means of storage of public information [*i.e.,* computer tapes]." *Id.* at 165, 546 N.E.2d at 205.   We reached that conclusion in order to protect the proprietary interests of a third party in a computer software program that had been the subject of the Public Records Act request in that case. *Id.*   Although the parties stipulated that the software was necessary to read certain computer tapes containing public records also requested by the petitioner, we rejected petitioner's request for a copy, holding that the proprietary software did not constitute a public record. *Id.*

Notwithstanding the broad sweep of that opinion, the facts presented in *Recodat* did not require us to address directly the questions presented here. The *Recodat* respondents had agreed to provide copies of the computer tapes in question to the petitioner therein; the dispute concerned only the request for proprietary software.   Here the facts require us to consider other issues. These include whether the public is entitled to a copy of the public information on the tapes in computer-readable form in lieu of a paper copy of their contents, or alternatively whether computer tapes containing public, nonproprietary records are themselves public records.

In view of a certain degree of confusion generated by *Recodat,* we limit that decision to the unique facts of that case, and to the proposition that proprietary software does not constitute a public record under R.C. 149.43, even if such software is necessary in order to read public information contained on computer tapes. We now set forth what we believe is a clearer explanation of the duties of public agencies with respect to a request from the public for copies of public records fixed in a tangible medium such as computer tapes or disks.

R.C. 149.43(B) provides:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

The parties agree that the information stored upon the computer tapes constitutes a set of public records. They disagree whether relator has a right under the Public Records Act to expect release of the records in the form in which they were created.

Respondents assert that *Recodat* settles the issue and argue that that decision gives them the discretion to choose the form in which the public records will be provided to relator. Unless they are given such discretion, respondents argue, the city of Cleveland will not be able to perform its other governmental functions, because "scarce and valuable resources" of computer time and personnel will have to be dedicated to fulfilling records requests.

Relator contends that respondents' interpretation of R.C. 149.43, if adopted by the court, would give government agencies unbridled discretion to choose the form in which to produce public records, even if that choice diminishes the utility of the information to the public. Instead, relator urges the court to limit *Recodat* to its facts and fashion a rule that would require a government agency to make public records available in the form in which they were created, unless there is a demonstrable prejudice to the rights of other citizens.

In *State, ex rel. Cincinnati Post, v. Schweikert* (1988), 38 Ohio St.3d 170, 527 N.E.2d 1230, we held that a compilation of information gathered from public records is a separate public record subject to disclosure under R.C. 149.43. The rationale underlying *Schweikert* was that members of the public should not be required " * * * to exhaust their energy and ingenuity to gather information which is already compiled and organized in a document

created by public officials at public expense." *Id.* at 173–174, 527 N.E.2d at 1233. Similarly, a public agency should not be permitted to require the public to exhaust massive amounts of time and resources in order to replicate the value added to the public records through the creation and storage on tape of a data base containing such records.

We reach this conclusion by analogy. Consider two sets of identical public records kept on paper—one set organized in a file cabinet, and another kept as a random set of papers stacked on the floor. Certainly we would not permit an agency to discharge its responsibility by providing access to the random set while precluding the disclosure of the organized set, even though both sets are "readable" as required by the statute. As this example illustrates, the manner in which the records are organized can add to the value of the information contained within those records. When such value is added, a new set of enhanced public records is created that must be disclosed to the public.

In a similar vein, a set of public records stored in an organized fashion on a magnetic medium also contains an added value that inherently is a part of the public record. Here, the added value is not only the organization of the data, but also the compression of the data into a form that allows greater ease of public access. Thus, in keeping with the expressed intent of the General Assembly to provide broad access to public records, we hold that a governmental agency must allow the copying of the portions of computer tapes to which the public is entitled pursuant to R.C. 149.43, if the person requesting the information has presented a legitimate reason why a paper copy of the records would be insufficient or impracticable, and if such person assumes the expense of copying. In the case at bar, we find that no reason under R.C. 149.43 why respondents should preclude Margolius from copying the tapes at issue.[4]

---

4. Indeed, we do not find particularly compelling respondents' argument that regular records requests such as this one would adversely affect the ability of the city of Cleveland to perform other governmental functions, by impinging upon its "scarce and valuable resources" of computer personnel and time. Any increased financial burden caused by compliance with this decision can and should be passed on to the party making the request. Further, in terms of the effect on the city's computer resources, the CPU time required to copy tapes in a request as great as this one would be, by the city's own estimate, only ten minutes. Even if the city were to receive twelve such requests in a month, the resulting two hours of CPU time dedicated to copying tapes hardly justifies hindering meaningful access to public records.

Additionally, our decision does not require the city to actually perform the copying; it is only required to make the tapes available to relator so that she can arrange to have them copied. Nothing would preclude the city in response to future requests from arranging with an outside contractor to make copies of tapes or disks in compliance with the statute, and then passing the cost of this service directly to the requestor.

We caution those who would interpret our decision as a wholesale opening of the computer files of our public agencies to any citizen who files a request. Indeed, it should be the rare instance in which a party making such a request would be able to demonstrate a need for the record stored on a magnetic medium in lieu of a paper copy. Additionally, this holding only applies to public records already stored in a tangible medium at public expense. There is no requirement on the part of public agencies to create records that are not already in their possession, or to store records in a particular medium in order to provide greater public access to the records.

Finally, we wish to clarify that computer tapes *qua* computer tapes are not public records. To the contrary, a public record is simply a record kept in the course of business of a public institution. Expression in a tangible medium, be it on paper, magnetic tape, or magnetic disk, does not transform that medium into a public record, nor is it necessary that the expression be in a particular medium for it to be a public record.[5] R.C. 149.43 requires the message, not the medium, to be disclosed. It is only when the method of expression enhances the message that we require agencies to disclose more than just a literal representation on paper. Accord *State, ex rel. Harmon, v. Bender* (1986), 25 Ohio St.3d 15, 25 OBR 13, 494 N.E.2d 1135 (trial proceedings recorded on videotape constitute a public record pursuant to R.C. 149.43 separate from a written transcript of the same proceedings).

Accordingly, for all the reasons set forth above, we allow the writ and order respondents either to copy the subject computer tapes for relator at her cost or to loan her the tapes in exchange for sufficient security so that she may arrange to have them copied. We also order respondents to provide relator with a copy of the record layout of the tapes.

*Writ allowed.*

Moyer, C.J., Sweeney, Holmes, Douglas, H. Brown and Resnick, JJ., concur.

---

5. If, for example, a public agency kept records only on a hard disk in a computer and otherwise never expressed the information contained in those records on portable media such as paper, magnetic tapes or floppy disks, that information would still be subject to disclosure if it otherwise meets the definition of "public records" in R.C. 149.43.