OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State, ex rel. Allright Parking of Cleveland, Inc., Appellee, v City of Cleveland et al., Appellants.

[Cite as State, ex rel. Allright Parking of Cleveland, Inc., v. Cleveland (1992), Ohio St. 3d .]

Public records -- Court errs when it determines that documents submitted as part of an application for financial agreement under R.C. 1728.06 for approval of a tax-exempt project were not exempted from disclosure as trade secrets without first reviewing the documents in camera -- In camera review needed to determine whether the documents had become public and thus had lost their protection as trade secrets not subject to disclosure under R.C. 149.43.

(Nos. 91-835 and 91-862 -- Submitted April 14, 1992 -- Decided June 10, 1992.)

Appeals from the Court of Appeals for Cuyahoga County, No. 57881.

On May 15, 1989, in accordance with R.C. 149.43(A)(1) and 149.43(B), appellee Allright Parking of Cleveland, Inc. ("Allright") made a public records request of the city of Cleveland ("the city") through a letter to the city's Director of the Department of Community Development, who was also Acting Director of the Department of Economic Development. The letter generally requested "all documents that pertain, refer or relate in any way to the abatement request(s) and

approval(s)" for a development project commonly known as the Society Project. The Society Project is a development project that includes the construction of a hotel, office building and parking
garage in downtown Cleveland.

In response to the request, the city of Cleveland made available to Allright a number of documents that the city acknowledged were public records, but withheld ninety-seven documents. Of those documents, the city withheld ninety-four because they allegedly contain information that constitutes trade secrets of the businesses involved in the Society Project. Prior to the submission of these documents to the city, the businesses involved had been assured by the city that their confidential business information that was submitted with respect to the Society Project would remain confidential. The city withheld the remaining three documents because they allegedly contain privileged attorney-client communications.

Shortly after receiving notice of the city's unwillingness to disclose certain documents, Allright filed a petition for a writ of mandamus in the Court of Appeals for Cuyahoga County on June 13, 1989. The petition sought an order compelling the city to produce the documents withheld. On June 23, 1989, Memorial Park Garage Community Urban Redevelopment Corporation; Jacobs, Visconsi & Jacobs Co.; Mall

A Community Urban Redevelopment Corporation; and Public Square North Community Urban Redevelopment Corporation for itself and on behalf of Society Tower Community Urban Redevelopment Corporation (collectively, the "intervening businesses") moved to intervene in the action.  The court granted the motion to intervene on July 12, 1989.

After briefing by the city, Allright, and the intervening businesses, and nearly twenty months after the last brief was filed in the action, the court, by order dated March 1, granted in part and denied in part Allright's petition.  The court held that R.C. 1728.06, which governs applications for approval of development projects under R.C. Chapter 1728, precludes the assertion of trade secret protection over documents that were submitted as part of an application for a tax abatement, because the statute "clearly mandates that material submitted to a municipality as an application for a tax abatement 'shall be a matter of public record' * * *."

The court also reviewed the three documents alleged to contain privileged attorney-client communications.  The court agreed that two of the documents were indeed privileged and not subject to disclosure.  As to the remaining document, however, the court found that although the memorandum portion of the document was privileged, the two attachments to that document were not and ordered disclosure of those

attachments. Pending this appeal, the court also stayed its order to the city to make available to Allright for inspection those documents the court concluded were not protected by trade secret or attorney-client privilege claims.

The cause is now before this court upon an appeal as of right.

Benesch, Friedlander, Coplan & Aronoff, Stephen D. Williger and Mark A. Phillips for appellee.

Craig S. Miller, Director of Law, Joseph J. Jerse and Gary N. Travis, for appellant city of Cleveland.

Baker & Hostetler, Gary L. Bryenton, Jose C. Feliciano and Loretta H. Garrison, for appellants Memorial Park Garage Community Urban Redevelopment Corporation, Mall A Community Urban Redevelopment Corporation, Public Square North Community Urban Redevelopment Corporation, and Jacobs, Visconsi & Jacobs Company.

Wright, J. In the case now before us, the court of appeals ruled that ninety-four of the withheld documents were not excepted from disclosure as trade secrets because they had been submitted as part of an application under R.C. 1728.06 for approval of a tax-exempt project, and thus had become part of the public record. We hold it was error for the court of appeals to reach that conclusion without first reviewing the documents in question in camera to determine whether the documents had, in fact, become part of the public record, and

thus had lost their protection as trade secrets not subject to disclosure under R.C. 149.43.

R.C. 149.43 reads in relevant part as follows:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except * * * records the release of which is prohibited by state or federal law.

"* * *

"(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." (Emphasis added.)

We recently reiterated that the intent of the General Assembly in the passage of R.C. 149.43 was to provide broad access to public records. State, ex rel. Margolius, v. Cleveland (1992), 62 Ohio St.3d 456, 584 N.E.2d 665. Although the application of the statute is quite broad, its reach is nevertheless circumscribed by many important exceptions,

including an exception for documents whose release is prohibited by state or federal law.

In the case before us, the intervening businesses have a legitimate concern that confidential business information that was not intended for public release will be conveyed to a competitor through a public records release. Under Ohio law, a trade secret is protected from disclosure if the owner of the trade secret has taken measures designed to prevent the information from being made available to "persons other than those selected by the owner to have access thereto for limited purposes." R.C. 1333.51(A)(3). Thus, the question the court of appeals should have addressed is whether the documents in question contained trade secrets, and, if so, whether the submission of the documents to the city constituted a waiver of the trade secret protection.

The court of appeals, it appears, decided the second part of the question without deciding the first. Without reviewing the documents in camera or hearing argument from the city and the intervening businesses, the court decided that the documents the city withheld had been submitted by the intervening businesses as a part of a tax abatement application under R.C. 1728.06. That statute provides that such an application becomes a matter of public record upon receipt by the mayor of the municipality to whom it is directed, and that the application is to be available for

inspection by the general public during business hours.  From these provisions, the court of appeals reasoned that all of the documents relating to the application were similarly part of the public record.  This reasoning, which does not rest upon a thorough review of the documents to determine whether they contain trade secrets or whether they were submitted as a part of the application, short-circuits the type of review required to rule upon petitions in public record mandamus actions.

The court of appeals erred in its assumption that once an application is "a matter of public record," materials that are ancillary to, but submitted with, the application are automatically subject to disclosure.  Although the court of appeals was correct that the application itself was a public record because the statute directly provides for its inspection by the public, it incorrectly ruled that all of the documents relating to or submitted with the application were public records and subject to release under R.C. 149.43.

In cases such as these, "[a]n in camera inspection remains the best procedure" for determining whether records are excepted from disclosure.  State, ex rel. Natl. Broadcasting Co., v. Cleveland (1991), 57 Ohio St. 3d 77, 81, 566 N.E.2d 146, 150.  Accordingly, the action is reversed and remanded to the court of appeals for a new determination as to whether the documents are public records subject to

disclosure.1  During the in camera review, the court of appeals should first decide whether the documents contain trade secrets. If any of the documents withheld do not contain trade secrets, then they must be disclosed.  If any of the documents withheld do contain trade secrets, then the court of appeals must determine whether those documents were submitted as part of the tax abatement application, or whether the documents were simply ancillary thereto.  If any of those documents were submitted as part of the application, as that term is described in R.C. 1728.06, then the trade secret exception to disclosure does not apply, and the documents must be made available for inspection and copying.  If any of the documents containing trade secrets were not submitted as part of the application, then they are not public documents, and they are exempt from disclosure.

Judgment reversed<br>and cause remanded.

Moyer, C.J., Sweeney, Holmes, H. Brown and Resnick, JJ., concur.

Douglas, J., dissents.

FOOTNOTES:

1  It is conceivable that a document could be a "public record" in the sense that it is held by a public office or agency and yet not fall under the definition of "public record" found in R.C. 149.43 because of a statutory

exemption.  Under the facts of this case, however, we do not find it necessary to determine whether the phrase "matter of public record" in R.C. 1728.06 encompasses the latter definition.