The STATE ex rel. ATHENS COUNTY PROPERTY OWNERS
ASSOCIATION, INC., Appellee and Cross–Appellant,

v.

CITY OF ATHENS, Appellant and Cross–Appellee.

[Cite as *State ex rel. Athens Cty. Property Owners Assn.,
Inc. v. Athens* (1992), 85 Ohio App.3d 129.]

Court of Appeals of Ohio,
Athens County.

No. 1513.

Decided Nov. 16, 1992.

Amended Nov. 20, 1992.

*Eslocker, Hodson & Dioguardi* and *T.E. Eslocker,* for appellee.

*Garry E. Hunter,* Athens Law Director, for appellant.

GREY, Judge.

This is an appeal from a judgment of the Athens County Court of Common Pleas. We affirm.

The Athens County Property Owners Association ("ACPOA") is a nonprofit organization composed of various members of the Athens community who own rental property. In March 1991, the ACPOA requested that the city of Athens supply certain records pertaining to rental property pursuant to R.C. 149.43. It asked that this information be supplied on computer diskettes rather than on paper, which is now commonly called a "hard copy." Athens acknowledged that the ACPOA was entitled to the records, but refused to give the records in diskette form, offering hard copy instead. The ACPOA filed an action in mandamus requesting the records on diskette and requesting reasonable attorney fees and costs. The court granted the writ of mandamus, but denied the attorney fees and costs. Athens appealed the court's decision regarding the writ of

mandamus and the ACPOA filed a cross-appeal regarding the court's decision on attorney fees.

■ We begin with Athens' assignment of error:

"The common pleas court erred in holding that the property owners are entitled to inspection and copies in the form of diskettes."

While both parties agree that the ACPOA is entitled to the records, they disagree regarding the form of those records.

Athens asserts that the diskettes would contain proprietary software and are therefore not a public record. See *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 458, 584 N.E.2d 665, 668; *State ex rel. Recodat Co. v. Buchanan* (1989), 46 Ohio St.3d 163, 165, 546 N.E.2d 203, 205. In *Recodat,* the court held that proprietary software is not a public record.

We agree, but note that here the city is not the creator of the proprietary software. The city is the licensee of the creator of the software. It used its license to write the files that are the subject matter of this suit. The city gathered information about rental properties, and those files were used to store the information. That information is the focus of this suit.

When a public agency makes a diskette copy for someone, that person will have to have his own software to be able to read the information stored on the diskette. In *Recodat,* the relator wanted not only the database information but also a copy of the proprietary software to be able to read the information.

The situation here is different. By giving out a diskette, the city is not giving out any software. It is only giving out its database files and these files are a public record subject to R.C. 149.43.

Athens next asserts that, although *Margolius* requires that a governmental agency permit the copying of computer tapes, it has a narrow application:

"A governmental agency must allow the copying of the portions of computer tapes to which the public is entitled pursuant to R.C. 149.43, if the person requesting the information has presented a legitimate reason why a paper copy of the records would be insufficient or impracticable, and if such person assumes the expense of copying." *Margolius, supra,* at syllabus.

■ In essence, Athens contends that the method of dissemination of public documents is solely at the discretion of the agency. We believe that Athens misinterprets R.C. 149.43 and that the correct interpretation may be found in *Margolius.*

The basic tenet of *Margolius* is that a person does not come—like a serf—hat in hand, seeking permission of the lord to have access to public records. Access

to public records is a matter of right. The question in this case is not so much whether the medium should be hard copy of diskette. Rather, the question is: Can a government agency, which is obligated by law to supply public records, impede those who oppose its policies by denying the value-added benefit of computerization?

The Ohio Supreme Court answered this question first in *State ex rel. Cincinnati Post v. Schweikert* (1988), 38 Ohio St.3d 170, 173–174, 527 N.E.2d 1230, 1233, when it held:

"The law does not require members of the public to exhaust their energy and ingenuity to gather information which is already compiled and organized in a document created by public officials at public expense."

The *Margolius* court further stated, in following its holding in *Cincinnati Post:*

"Similarly, a public agency should not be permitted to require the public to exhaust massive amounts of time and resources in order to replicate the value added to the public records through the creation and storage on tape of a data base containing such records." *Margolius, supra,* 62 Ohio St.3d at 460, 584 N.E.2d at 669.

The record shows that the records are normally stored on an electronic medium, that those records are compiled using taxpayer dollars, on equipment purchased with taxpayer dollars. The record also shows that the requested information consists of over six hundred records and that the ACPOA would have to go to needless expense to replicate these records from hard copy. Athens' assignment of error is not well taken and is overruled.

The ACPOA assigns the following error upon cross-appeal:

"The trial court abused its discretion and committed prejudicial error when it denied appellees' request for reasonable attorney fees since appellant's denial of providing the computer diskette records was an unreasonable attempt to avoid the clear mandate of Ohio Revised Code § 149.43."

 The ACPOA asserts that it should have been awarded attorney fees pursuant to R.C. 149.43(C). R.C. 149.99 provides for a forfeiture of $1,000 and reasonable attorney fees as a penalty for a violation of R.C. 149.43. This penalty is discretionary with the court. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443.

 When considering whether to award attorney fees pursuant to R.C. 149.99, a three-prong test is applied. First, is there a public benefit? Second, was the denial reasonable? Finally, was the denial made in good faith? *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 554 N.E.2d 1321.

■ The ACPOA is a nonprofit association organized to further the rental interests of the Athens community. As such, the first prong is met. In view of our discussion regarding the previous assignment of error, the second prong is also met. The proprietary-software argument was totally without merit. The third prong, bad faith, is established by the double standard conduct of the city. The city has gone to using computers because they are a more efficient way of handling, recording, and retrieving data. Yet, in responding to an R.C. 149.43 request, the city petulantly denies the ACPOA that same kind of efficiency.

We must now determine whether the trial court erred in refusing to award attorney fees and whether that refusal was an abuse of discretion. In order to support a charge of abuse of discretion, a party must show that the trial court's decision was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

The record shows that the ACPOA approached the city offering to supply its own diskettes, did not request proprietary software, was willing to pay for the copying, and granted that the copying would take place under the complete control of Athens. There appears to be a history of antagonism between the parties, but, other than that, the record is absolutely devoid of any basis for the city's failure to meet this reasonable request for diskettes. This show of bad faith caused needless expense to the ACPOA.

In the absence of any reason in the record why the city did not comply with R.C. 149.43, the writer of this opinion would find that the trial court's refusal to award attorney fees was an abuse of discretion, sustain the cross-appeal, and remand for a hearing on that issue.

Inasmuch as the other members of the panel have held in their dissents that prejudicial error did not occur regarding attorney fees, that position indicates a majority on the question. Therefore, the cross-assignment of error is found to be not well taken and is overruled.

Based on the foregoing, the decision of the trial court is affirmed. Costs of this action are taxed to appellant Athens.

*Judgment accordingly.*

HARSHA, J., concurs in part and dissents in part.

STEPHENSON, P.J., dissents.

HARSHA, Judge, concurring in part and dissenting in part.

I concur in the judgment overruling appellant's assignment of error with one *caveat.* The trial court's decision was rendered prior to the release of *Margolius.*

Obviously then, the stipulations presented to the court were also prepared before *Margolius's* release. I note that *Margolius* states: "We caution those who would interpret our decision as a wholesale opening of the computer files of our public agencies to any citizen who files a request. Indeed, it should be the rare instance in which a party making such a request would be able to demonstrate a need for the record stored on a magnetic medium in lieu of a paper copy." As noted in Judge Stephenson's dissenting opinion, the principal opinion's conclusion that the "record" establishes the required legitimate reason is subject to some dispute. However, in that I am not convinced that the burden of establishing the need for a diskette rather than paper was part of the substantive law at the time this case was decided, I am willing to overlook the failure of appellee to produce evidence on this matter.

Furthermore, I dissent on ACPOA's cross-appeal for the reasons stated in Judge Stephenson's dissenting opinion.

STEPHENSON, Presiding Judge, dissenting.

I respectfully dissent. Appellant contends the trial court erred in holding that appellee was entitled to inspection and copies of public records in the form of computer diskettes. In *State ex rel. Margolius v. Cleveland* (1992), 62 Ohio St.3d 456, 584 N.E.2d 665, the Supreme Court of Ohio held:

"A governmental agency must allow the copying of the portions of computer tapes to which the public is entitled pursuant to R.C. 149.43, *if the person requesting the information has presented a legitimate reason why a paper copy of the records would be insufficient or impracticable,* and if such person assumes the expenses of copying." (Emphasis added.) *Id.* at syllabus.

After holding that relator was entitled to copies of the computer tapes at issue, the *Margolius* court added the following *caveat* at 461, 584 N.E.2d at 669–670:

"We caution those who would interpret our decision as a wholesale opening of the computer files of our public agencies to any citizen who files a request. Indeed, it should be the rare instance in which a party making such a request would be able to demonstrate a need for the record stored on a magnetic medium in lieu of a paper copy."

The principal opinion finds that the record establishes the requisite "legitimate reason" why a paper copy of the records would be insufficient or impracticable. However, a review of the record reveals that the parties entered into stipulations of fact in lieu of holding an evidentiary hearing and that these stipulations contain absolutely no evidence that the hard copy of the records which Athens offered to provide would be insufficient or impracticable. The "over six hundred records" referred to in the principal opinion are not part of the record herein, and thus

cannot be considered by this court on appeal. See *State v. O'Dell* (1989), 45 Ohio St.3d 140, 142, 543 N.E.2d 1220, 1223.

Therefore, as appellee presented no evidence of a legitimate reason why a paper copy of the records would be insufficient or impracticable, the trial court erred in granting the writ. Thus, I would sustain appellant's assignment of error, reverse the judgment, and remand the cause to allow the parties to present evidence of "legitimate reasons" in accordance with *Margolius*.

Appellee's cross-assignment of error asserts that the trial court abused its discretion in failing to award attorney fees. Pursuant to my resolution of appellant's assignment of error, there was no abuse of discretion. In denying the ACPOA's request for attorney fees, the trial court apparently relied on *Recodat*. As noted by the *Margolius* court, *Recodat* generated a certain amount of confusion. In addition, the trial court based its denial of attorney fees on the fact that the case was one of first impression. In other words, Athens did not act in bad faith where the state of the law was unclear. Accordingly, I would overrule appellee's cross-assignment of error, as the court below did not abuse its discretion in denying the ACPOA's motion for attorney fees.