**Edward W. SPANNAUS, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**Civil Action No. 94–0708 (JR).**

United States District Court, District of Columbia.

Oct. 11, 1996.

James H. Lesar, Washington, DC, for Plaintiff.

Scott A. Hodes, U.S. Department of Justice, Office of Information and Privacy, Washington, DC, for Defendant.

## *MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff in this FOIA action seeks access to records from the Executive Office for United States Attorneys relating to investigations and prosecutions of himself and others as co-defendants of Lyndon H. LaRouche in the District of Massachusetts and the Eastern District of Virginia. The dispute between the parties has been narrowed to 466 pages of material. EOUSA has invoked FOIA Exemption 5, 5 U.S.C. § 552(b)(5), with respect to all 466 pages and Exemption 7(D), 5 U.S.C. § 552(b)(7)(D), with respect to one of those 466 pages (i.e., two claims of

exemption for the same page). Within Exemption 5, all 466 pages were withheld because EOUSA claimed attorney-work product privilege, and 156 pages of material are also the subject of EOUSA's claim of deliberative process privilege.

This memorandum explains why the claim of attorney-work product privilege will be sustained. It will be unnecessary to discuss or decide the deliberative process privilege or Exemption 7(D).

The declaration of Bonnie L. Gay, an attorney in EOUSA responsible for acting as liaison with other offices of the Department of Justice in responding to requests and in litigation filed under FOIA, recites simply (1) that all the withheld records at issue were prepared either by an attorney or at the direction of attorney; (2) that their substance is "such as to be exempt from disclosure pursuant to [the attorney-work product] privilege," and (3) that the records "reflect such matter as grand jury and trial preparation, grand jury and trial strategy, handwritten notes, interpretations, and personal evaluations and opinions pertinent to the *U.S. v. Lyndon H. LaRouche, Jr., et al.,* Crim. No. 88–243–A (E.D.Va.), *United States of America v. The LaRouche Campaign, et al.,* Crim. No. 86–3323–K (D.Mass.), and *In Re Grand Jury Subpoena (Caucus Distributors, Inc.),* M.B.D. No. 85–204 (D.Mass.) criminal cases." All of the records were located in the offices of the United States Attorneys for the District of Massachusetts and the Eastern District of Virginia. All are maintained in the Justice Department's criminal case file system under the above-named cases or matters. Those cases and matters pertain to the investigation and prosecution of Edward W. Spannaus and others for violation of 18 U.S.C. § 371 (conspiracy to commit mail fraud) and 18 U.S.C. § 1341 (mail fraud). Gay Declaration, ¶¶ 23, 28.

Plaintiff disputes ¶ 28 of the Gay Declaration (which recites the facts underlying the claim of attorney-work product privilege), disputes EOUSA's assertion that it has conducted an adequate search; and disputes the proposition that "foreseeable harm" would result from the disclosure of the records

withheld under the attorney-work product privilege.

Those three issues will be dealt with in reverse order.

### 1. *"Foreseeable harm"*

 Although plaintiff has invested a great deal of effort and many words on this issue, "foreseeable harm" is not part of the required analysis of the attorney-work product privilege under Exemption 5. The concept and the phrase arise from the Attorney General's Memorandum for Heads of Departments and Agencies Regarding the Freedom of Information Act (October 4, 1993) and is applicable primarily to the deliberative process privilege. *See Army Times Publishing Co. v. Department of the Air Force,* 998 F.2d 1067, 1071–72 (D.C.Cir.1993) (concerning whether disclosure would discourage candid discussion). Granted that the Attorney General's FOIA memorandum encourages the *discretionary* disclosure of attorney work product when the privilege is no longer needed, no case yet requires a district court to review an agency's Exemption 5 attorney-work product privilege claim against an abuse of discretion standard, and this court will not do so.

### 2. *Adequacy of the search.*

 This is a narrow point, involving the files of a former AUSA. Plaintiff believes that John Markham, who was lead prosecutor in the Massachusetts case, maintained "personal" files, from which he produced at least one document in 1991 in compliance with an order Judge Harris had entered in a FOIA action styled *Freeman v. United States Department of Justice,* No. 90–274 (D.D.C.). Plaintiff asserts that the document retrieved from Markham in 1991 did not turn up in EOUSA's production made in response to plaintiff's request. Plaintiff then argues, by way of a syllogism that is missing a step

or two, that "because that document is also responsive to the request in this case, it is clear that Markham's files must be searched in order to locate all responsive documents." Plaintiff's Reply Memo, p. 14. It is undisputed that Markham is no longer with the U.S. Attorney's Office. If he did turn his files over to the U.S. Attorney's Office, they have been searched. If he did not, they are beyond the reach of FOIA.

### 3. *Adequacy of claim of attorney-work product privilege.*

 Plaintiff argues that the claim is made in an unacceptably conclusory fashion and that EOUSA has made no showing that it would be impractical to segregate fact from analysis and mental impressions. Again taking the latter point first, "The work-product privilege simply does not distinguish between factual and deliberative material." *Martin v. Office of Special Counsel,* 819 F.2d 1181, 1187 (D.C.Cir.1987). As to the assertion that the claim of attorney-work product is conclusory and unsubstantiated, the Court has reviewed the Gay declaration in conjunction with the *Vaughn* index provided by EOUSA and in the context of the major criminal investigations and prosecutions of which the documents formed a part. The *Vaughn* index (exhibit Q to defendant's motion for summary judgment) is detailed and complete and leaves no question of the privileged status of the documents described. Plaintiff has failed to raise a credible challenge to the EOUSA's claim of attorney-work product privilege claim.[1]

The government's motion for summary judgment will be granted. An appropriate order accompanies this memorandum.

---

1. Plaintiff asserts that EOUSA has "failed to rebut his showing that the information in [Documents 2, 3, 9, 16, 21, 24, 31, 32 and 33] appears to duplicate that which has already been released into the public domain ...," citing *Afshar v. Dept. of State,* 702 F.2d 1125, 1133 (D.C.Cir. 1983). The Court has reviewed the *Vaughn* index description of those documents and the para-

graphs of plaintiff's declaration cited at n. 1 of plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross–Motion for Summary Judgment and finds that plaintiff has not sustained his burden of "production" as to those documents: plaintiff's "showing" is neither so specific nor so related to the description of the documents as to shift the burden back to EOUSA.