DECISION
Petitioner, The Cincinnati Enquirer, seeks a writ of mandamus to compel the disclosure by respondents of records relating to the construction of the Paul Brown Stadium in Cincinnati, Ohio. For the reasons that follow, we grant the writ of mandamus.
I. The Background Facts
The Board of County Commissioners of Hamilton County, Ohio, contracted with a joint venture consisting of respondents Turner Construction Company, Barton Malow Company, and D.A.G. Construction Co., Inc., (collectively "TBMD") for TBMD's services as construction manager for the building of the Paul Brown Stadium. Further, the board entered into a contract with Getz Ventures to be the project manager for the stadium development.
On March 6, 2000, a reporter for petitioner The Cincinnati Enquirer delivered to respondent David Krings, Hamilton County Administrator, a request for certain stadium project records, including correspondence "between project team members related to cost overruns or potential cost overruns at Paul Brown Stadium." In response to the request, Krings provided petitioner with access only to stadium construction records that were physically located in the Hamilton County Administration Building or in the construction trailer located at the stadium site. Krings made the records available through Brooke Hill, an employee of HMS Success.
The stadium project's "Construction Team," also known as its "Project Team," consisted of TBMD, Getz, Hamilton County, and the stadium architect. County employee Suzanne Burck instructed the Enquirer's reporter that all communications with the Construction Team or any of its members were to be directed to Brooke Hill of HMS Success. HMS Success was a subcontractor for Getz Ventures on the stadium project; its fees were to be paid by the county.
On May 3, 2000, the Enquirer, through counsel, sent to Hill a request for records from TBMD, including "[a]ll communication between project team members relating to cost overruns and construction schedule at Paul Brown Stadium." Hill denied the request. This action for a writ of mandamus followed.
II. Discussion
Under R.C. 149.43(B), all public records must be prepared and made available for inspection to anyone during regular business hours. To facilitate broader access to public records, governmental entities must maintain the records so that they can be made available for inspection under the statute. R.C. 149.43 "must be liberally construed in favor of broad access, with any doubt resolved in favor of disclosure of public records." State ex rel. Wadd v. Cleveland (1998), 81 Ohio St.3d 50,51-52, 689 N.E.2d 25, 27.
An action for a writ of mandamus is appropriate to compel compliance with R.C. 149.43. See State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 89. A writ of mandamus may be pursued when (1) the relator has a clear legal right to the requested relief; (2) the respondent is under a clear legal duty to perform the requested act; and (3) the relator has no adequate remedy at law. SeeState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225, 226. These requirements are met when a public office fails to comply with the R.C. 149.43(B) standards governing public access to public records. See State ex rel. Multimedia, Inc. v. Snowden
(1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377; see, also, Stateex rel. Benesch, Friedlander, Coplan Aronoff, LLP v. Rossford (Apr. 21, 2000), Ross App. No. WD-99-044, unreported.
We note that R.C. 149.43(C) allows a mandamus action against either the public office or the person responsible for a public record. As the Ohio Supreme Court has stated, "In our view, the disjunctive used in R.C.149.43(C) manifests an intent to afford access to public records, even when a private entity is responsible for the records." State ex rel.Mazzaro v. Ferguson (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, 467, citing State ex rel. Mothers Against Drunk Drivers v. Gosser (1985),20 Ohio St.3d 30, 33, 485 N.E.2d 706, 710.
Clearly, the board of county commissioners is a public office. See R.C. 149.011. And the board has complied with the records request insofar as it has provided for inspection of the stadium records in its possession. But we must determine whether the board has fully complied with petitioner's request by addressing the issue whether some of the records in the custody of TBMD and Getz are also public records for purposes of R.C. 149.43.
Subject to certain exceptions, a "public record" is any record kept by a public office. R.C. 149.43(A)(1). The respondents have not alleged that the requested records in this case fall within any of the exceptions enumerated in the statute.
Under R.C. 149.011(G), a public office's "records" include the following:
 [A]ny document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. [Emphasis added.]
In Mazzaro, supra, the Ohio Supreme Court held that R.C. 149.43(B) required the state auditor to produce for inspection audit records to which he had access, even when they were in the possession of a private accounting firm. The court held that the petitioner in an R.C. 149.43(C) mandamus action is entitled to relief where (1) a private entity prepares records in order to carry out a public office's responsibilities; (2) the public office is able to monitor the private entity's performance; and (3) the public office has access to the records for this purpose. This is true regardless of whether the petitioner also shows that the private entity is acting as the public office's agent. Id. at 39,550 N.E.2d at 467.
Under R.C. 307.023, the county commissioners were authorized to construct the public stadium in this case. The county undertook the responsibility to implement a sales-tax increase to fund the stadium's construction. An agreement between the county and the city of Cincinnati made clear that the stadium construction was an integral part of the redevelopment of the city's riverfront, and that it was undertaken for the benefit of the community.
The county contracted with TBMD and Getz to oversee the stadium project and to act on the county's behalf in the control of the project. Both TBMD and Getz are required under their contracts to maintain cost records and to report the contents of those records to the county. For example, Getz is required to monitor expenditures against an agreed cost plan, to report to the county, and to attend cost meetings to discuss issues such as the status review of the stadium costs. TBMD is required under its contract to identify variances between the actual, budgeted or estimated costs, and to advise the county and the architect of any steps necessary to meet the project's maximum price. Furthermore, TBMD is required to maintain cost-accounting records on all work and to afford the county access to those records. Under the contracts, the county is to monitor the performance of both TBMD and Getz. Therefore, we hold that the requested cost-overrun records are within the jurisdiction of the board of county commissioners, and that the records are "public" for purposes of R.C. 149.011(G), whether those records are in the possession of the county or in the possession of TBMD or Getz.[1]
We reject the contentions of TBMD and Getz that they were not properly served with the public-records request. In State ex rel. Recodat v.Buchanan (1989), 46 Ohio St.3d 163, 165, 546 N.E.2d 203, 205, the Ohio Supreme Court expressed its concern that the public not be required to deal with third parties in order to gain access to public records. Not only did the petitioner request the records from Krings, but it also followed up with a further request to the construction team, through Brooke Hill, the contact person designated by the county. The respondents in this case cannot play a shell game with public records. The public has a right of access to the records, regardless of where they are physically located, or in whose possession they may be. Mazzaro,supra, at 40, 550 N.E.2d at 467.
Accordingly, we grant the requested writ of mandamus.[2] The petitioner's request for attorney fees is held in abeyance until further order of this court.
Writ of mandamus allowed.
 ___________________________ Winkler, Judge
 Hildebrandt, P.J., and Doan, J., concur.
[1] Although the petitioner has also requested e-mail from construction team members, only that e-mail that is used to conduct the business of the public office, here the county commissioners, would constitute "records" under R.C. 149.011(G) and 149.43. See State ex rel.Wilson-Simmons v. Lake Cty. Sheriff's Dept. (1998), 82 Ohio St.3d 37,42, 693 N.E.2d 789, 793.
[2] In granting the writ of mandamus, we further deny respondent Krings's motion for summary judgment, respondent TBMD's motion for summary judgment, respondent Getz's motions to dismiss and for summary judgment.