John T. Bird Hays City Attorney 113 West 13th Street P.O. Box 727 Hays, Kansas 67601
Dear Mr. Bird:
As attorney for the City of Hays, you request our opinion on whether electronic mail (e-mail) communications between or involving individual city commissioners are public records, as that term is defined in the Kansas Open Records Act (KORA),[1] under circumstances where the records are not, and have never been, in the city's possession.
You have opined that individual city commissioners do not meet the definition of a public agency subject to the KORA, and that the city is not the record custodian of some e-mail sent or received by individual city commissioners. Thus, while the City of Hays has indicated that it will provide copies of e-mail residing on the various City-owned computers, after a review for closure is conducted, it specifically questions whether the KORA applies to records and communications between individual City Commissioners which are not in the City's actual possession. Additionally, we have received and considered information provided by the League of Municipalities. An attorney for the League states that certain e-mail communication archived on public equipment could be a public record. However, she notes that the League believes that most communications between governing body members would likely fall under the discretionary closure provisions of K.S.A. 45-221(a)(20) (records in which opinions are expressed or policies or actions are proposed).
It is the public policy of the State of Kansas that "public records shall be open for inspection by any person unless otherwise provided, and this act shall be liberally construed and applied to promote such policy."[2]
"The burden of proving an exemption from disclosure is on the agency not disclosing the information."[3]
K.S.A. 45-217 sets forth the pertinent KORA definitions:
 "(e)(1) `Public agency' means the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or any other entity receiving or expending and supported in whole or in part by the public funds appropriated by the state or by public funds of any political or taxing subdivision of the state.
"(2) `Public agency' shall not included:
 "(A) Any entity solely by reason of payment from public funds for property, goods or services of such entity; (B) any municipal judge, judge of the district court, judge of the court of appeals or justice of the supreme court; or (C) any officer or employee of the state or political or taxing subdivision of the state if the state or political or taxing subdivision does not provide the officer or employee with an office which is open to the public at least 35 hours a week.
 "(f)(1) `Public record' means any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency including, but not limited to, an agreement in settlement of litigation involving the Kansas public employees retirement system and the investment of moneys of the fund.
 "(2) `Public record' shall not include records which are owned by a private person or entity and are not related to functions activities, programs or operations funded by public funds or records which are made, maintained or kept by an individual who is a member of the legislature or of the governing body of any political or taxing subdivision of the state."[4]
Any record made, maintained or kept by, or in the possession of a public agency, as defined by K.S.A. 45-217(e), is subject to the KORA, unless otherwise excluded from the definition. It is readily apparent that the City of Hays meets the K.S.A. 45-217(e) definition of a public agency subject to the KORA. Thus, the City's records are generally subject to the KORA.
As indicated in K.S.A. 45-217(f)(1), the KORA applies to more than just paper records. "Any recorded information regardless of form or characteristics" means that "public records are not restricted to written records."[5] It has long been the opinion of this office that the KORA covers records created or maintained by use of a computer.[6] If the definition criteria of K.S.A. 45-217 are met, computer created or stored data may indeed qualify as a "public record."[7] This is in keeping with results under federal and other states' records laws.[8]
A computer record may qualify as a public record if it is "made, maintained or kept by or is in the possession of any public agency" under K.S.A. 45-217, even if the record is not physically possessed by the public agency, but rather is stored in a place other than on City-owned property. Definitions used in the Kansas Record Retention Act[9] support the conclusion that e-mail can be considered a public record and that electronic data does not lose its public record or custodial status merely because it is in the hands of a separate department or person maintaining the electronic equipment.[10] Thus, if the e-mail in question resides on the City's server, in addition to it being possessed by an individual City Commissioner, the same record may also be possessed and maintained by the City itself.
In the case at hand, however, you indicate that the e-mails in question are not possessed by the City. We assume this to mean that the City has no legal or actual ability to access the records from its server or other equipment, and that no hard copy of the e-mail is being maintained by the City. Moreover, you have indicated that the records were "created" by individual City Commissioners. K.S.A. 45-217(f)(2) contains a potentially applicable exception to the definition of a public record. "`Public record'shall not include records which are owned by a private person or entity and are not related to functions, activities, programs or operations funded by public funds or records which are made, maintained or kept by an individualwho is a member of the legislature or of the governing body of anypolitical or taxing subdivision of the state."
The second portion of this K.S.A. 45-217(f)(2) exception to the definition of a public record was considered in a 1985 law review article for which the author conducted personal interviews with members of the Legislature. Professor Frederickson noted:
 "It excludes records kept by individual members but not
records of the governing bodies they serve. It excuses individual members of such governing bodies from the burden of producing records that they maintain personally in their performance of official duties, but the records of the governing bodies they serve are still considered public records and thus must be made available. The person seeking the records of the governing body must get them from the central office rather than from the individual."[11]
Thus, unless such records are also maintained by, or are in the possession of the City, they are not considered public records.[12]
Under K.S.A. 45-217(f)(2), city commissioners may make, maintain and keep documents that are not considered public records subject to the KORA. This exception appears to be especially applicable if the record in question, whether it is e-mail or hard copy form, completely used private channels and was never sent or received via a public address or computer system. However, if the City itself, or any other City employee, has maintained, been in possession of, or in any way kept a copy of the same document, the exception in K.S.A. 45-217(f)(2) will not close the record to a requestor. This portion of K.S.A. 45-217(f)(2) does not rely upon the nature or content of the information in the record. Rather, it focuses upon the office being held by the person who created, maintained, or kept the record and that it is not also in the possession of the public agency itself.[13] The result would be the same if the City Commissioners were passing handwritten or types notes or letters to each other, or receiving at home such from constituents. The electronic nature of the record does not change the application of the KORA rules.
We note that we address only the question you asked, and not the many other issues this type of question could involve. However, we also note that it is very important for individual city commission members, and other city employees or officials, using city e-mail services, to be cognizant of the other laws that may apply or be implicated by such actions.[14]
In summary, it is our opinion that the Kansas Open Records Act applies to computer records as well as paper records. A record created by use of electronic mail may be subject to the KORA if the electronic record in question meets the definition of "public record" found in K.S.A. 45-217. Whether e-mail communications between or involving individual city commissioners are "public records" will depend upon whether such e-mail communications are "made, maintained, or kept by or [are] in the possession of a public agency," and whether any exceptions to the definition apply. The statutory definition of the term "public agency" includes political and taxing subdivisions and their officers or employees. However, the definition of a "public record" excludes records that are "made, maintained or kept by an individual who is a member of . . . the governing body of any political or taxing subdivision." Thus, if a specific e-mail communication is not made, maintained or kept by the city, but rather is exclusively made, maintained or kept only by the individual city commission members, it is not a "public record" as defined by K.S.A. 45-217.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm
[1] K.S.A. 45-215 et seq.
[2] K.S.A. 45-216(a).
[3] State Dept. of SRS v. Public Employee Relations Board, 249 Kan. 163,170 (1991).
[4] Emphasis added.
[5] Burroughs v. Thomas, 23 Kan. App. 2d 769, Syl. ¶ 1 (1997).
[6] Attorney General Opinions No. 87-137, 88-152, 89-106, and 94-104.
[7] Attorney General Opinion No. 95-64.
[8] The Electronic Freedom of Information Act Amendments of 1996 (37), 5 U.S.C.(f)(2) define the term "record" as simply "including any information that would be an agency record . . . when maintained by an agency in any format, including an electronic format." See also Jersawitzv. Hicks, 448, S.E.2d 352 (Ga. 1994) (computerized database of real-estate deed records is a public record within meaning of a public record under the Georgia state open records act); State ex rel. RecodatCo. v. Buchanan, 546 N.E.2d 203 (Ohio 1989) (information stored on magnetic computer tapes maintained by a private company can constitute public records); Kentucky Attorney General Opinions No. 00-ORD-132, 99-ORD-22, 99-ORD-206, 99-ORD-16 (electronic mail records generated by Kentucky public agency employees are public records, but closure may exist for some of those communications, and e-mail records may not be retained very long).
[9] K.S.A. 45-401 et seq.
[10] K.S.A. 45-402(d). See also K.S.A. 75-4709(c).
[11] Frederickson, Letting the Sunshine In: An Analysis of the 1984Kansas Open Records Act, 33 U.Kan. L. Rev. 205, 221 (1985).
[12] K.S.A. 45-217(f)(2) also contains an exception for records that are privately owned and do not relate to public business. Courts have further refined the "agency record" concept by distinguishing "agency records" from "personal records," which are maintained by agency employees but are not subject to the Freedom of Information Act (FOIA).See Bureau of Nat'l Affairs, Inc. v. United States Dept. of Justice,742 F.2d 1484, 1488-96 (D.C. Cir. 1984) (appointment calendars and telephone message slips of agency official are not agency records);Spannaus v. United States Dept. of Justice, 942 F. Supp. 656, 658
(D.D.C. 1996) ("personal files" of attorney no longer employed with agency were "beyond the reach of FOIA" if they were not turned over to agency at end of employment); Forman v. Chapotan, No. 88-1151, slip op. at 14 (W.D.Okla. 1988) (materials distributed to agency officials at privately sponsored seminar are not agency records), aff'd, No. 89-6035 (10th Cir. 1989); see also FOIA Update, Vol. IX, No. 4, at 3-4 (discussing circumstances under which presidential transition team documents can be regarded as "personal records" when brought to federal agency); FOIA Update, Vol. V., No. 4, at 3-4 ("OIP Guidance: `Agency Records v. `Personal Records'").
[13] These types of exceptions do not appear unique to Kansas. Other jurisdictions have also concluded that records created by individual members of a public body should not be deemed public records. Keever v.Finlan, 988 S.W.2d 300 (Tx App.-Dallas, 1999) (an individual member of school district board of trustees was not a "governmental body" and, therefore, was not subject to Texas Open Records Act).
[14] For example, as discussed in Attorney General Opinion No. 95-13 and other opinions, interactive electronic mail can constitute a meeting subject to the Kansas Open Meetings Act (KOMA), K.S.A. 75-4317 et seq., and record retention considerations under K.S.A. 45-401 et seq., K.S.A. 75-3501
et seq., and K.S.A. 21-3821.