THE STATE, EX REL. CLARK, APPELLANT, *v.* CITY OF TOLEDO ET AL., APPELLEES.

[Cite as *State, ex rel. Clark, v. Toledo* (1992), 62 Ohio St.3d 452.]

(No. 91–397—Submitted November 5, 1991—Decided February 5, 1992.)

*Randall M. Dana,* Public Defender, *David C. Stebbins* and *Dale A. Baich,* for appellant.

*Keith A. Wilkowski,* Law Director, and *Samuel J. Nugent,* for appellees.

*Per Curiam.* Clark now asserts that the court of appeals erred in conducting its *in camera* review. We hold that the court of appeals did not abuse its discretion in how it conducted an *in camera* inspection of disputed public records. We therefore affirm.

In his first proposition of law, Clark argues that the lower court erred when it failed to individually describe each document and specify why each particular document was exempt. We reject that proposition.

Application of a statutory exemption to a particular document is best done by an *in camera* inspection. *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 243, 520 N.E.2d 207, 210; *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1991), 57 Ohio St.3d 77, 81, 566 N.E.2d 146, 150. However, after an *in camera* review, a court need not individually describe each document and specify the applicable exemption. No such statutory requirement exists; none of this court's decisions in public records cases imposes such a requirement; and we decline to impose such an explicit requirement. To do so could defeat the purpose of the *in camera* inspection by publicly revealing information exempt from release. Moreover, how a court of appeals chooses to formulate its decisions is within the discretion of that court of appeals.

Additionally, Clark was not prejudiced by the lack of descriptions by the court. When the city claimed exemptions, the city generally described the documents and designated the exemption applicable to each document. In response, Clark asserted why a particular exemption should not apply.

In his second proposition of law, Clark complains that the court of appeals exempted some words in exhibit 7, although the city had failed to request exemption for those words. However, the court of appeals acted within its discretion.

Admittedly, a governmental agency asserting an exemption has the obligation to prove its application. *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786. Nonetheless, in its review, the court of appeals has the discretion to apply an exemption even though the city failed to request nondisclosure. To hold otherwise would elevate form over substance and sacrifice the public interest in maintaining the confidentiality of certain law enforcement investigatory records. See *John Doe Agency v. John Doe Corp.* (1989), 493 U.S. 146, 156, 110 S.Ct. 471, 477, 107 L.Ed.2d 462, 473–474.

In his third proposition of law, Clark argues that the city should be required to release redacted copies of the documents submitted for an *in camera* review at the same time the documents themselves are submitted for an *in camera* review. Again, Clark raises an issue we choose to leave to the discretion of the court handling an *in camera* review. Similarly, the method by which governmental agencies comply with the Public Records Act is left to their discretion. *State, ex rel. Recodat Co., v. Buchanan* (1989), 46 Ohio St.3d 163, 165, 546 N.E.2d 203, 205.

Clark also argues that the method of redaction should involve "blacking out" those portions withheld from release, rather than "whiting out." He complains that when whiting out is used, it is not apparent whether blank spaces represent deletions or simply blanks in the original. However, we decline to mandate blacking out, rather than whiting out. Administrative reasons may exist for the practice the city used and, in any event, the details as to compliance with Ohio's public records law are left to the agency involved. *Id.*

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., not participating.