[Cite as *State v. Duncan*, 2018-Ohio-1511.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105978

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GEORGE DUNCAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603179-A

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Katherine Mullin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant George Duncan appeals after pleading guilty to crimes in four cases. This appeal involves one of those cases, Cuyahoga C.P. No. CR-16-603179-A. In it, Duncan pleaded guilty to felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2) with a one-year firearm specification pursuant to R.C. 2941.141, having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3), and criminal damaging, a first-degree misdemeanor in violation R.C. 2909.06. The plea deal contained an agreed sentence of five years in prison. Both parties agree that judicial release ineligibility was one of the terms of the plea bargain.

{¶2} In his sole assignment of error, Duncan argues that his plea was not knowing, voluntary, and intelligent. He claims the court violated Crim.R. 11 because it did not explain that he would be ineligible for judicial release. He also claims the court violated Crim.R. 32 because it did not inform him that he had a right to appeal. For the reasons that follow, Duncan's assignment of error lacks merit.

{¶3} In relevant part, Crim.R. 11(C)(2)(a) requires the court to:

Determin[e] that the defendant is making the plea voluntarily with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

For nonconstitutional rights such as these, the trial court must substantially comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979).

{¶4} This court has recognized that Crim.R. 11 does not require a court to inform a defendant that he or she is ineligible for judicial release unless that condition is incorporated into the plea agreement. *See State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 14, citing *State v. Simmons*, 1st Dist. Hamilton No. C-050817, 2006-Ohio-5760.

{¶5} Duncan states in his brief that judicial release ineligibility was "one of the conditions of his plea." He complains that the court therefore failed to comply with Crim.R. 11 because the court did not ask him whether he understood that one of the terms of his guilty plea was that he would be ineligible for judicial release. However, we find that the court substantially complied with Crim.R. 11.

{¶6} A review of the transcript of proceedings evinces that Duncan was subjectively aware that he would not be eligible for judicial release:

> Prosecutor: As part of this plea agreement on all four cases, the defendant agrees to five years in prison which means there would be no judicial release. Thank you.
> * * *
>
> The Court: What's the defense position?
>
> Counsel: Your Honor, everything the prosecutor set forth is accurate.

* * *

The Court: Thank you. Mr. Duncan, did you understand everything the prosecutor and your attorney just said?

Duncan: Yes.

(Tr. 6-7.)

**{¶7}** Moreover, Duncan demonstrates no prejudice from this alleged error. He makes no claim that he would have rejected the plea agreement had the statement regarding his ineligibility for judicial release come directly from the court. *Compare State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 8 ("While we recognize that the prosecutor, not the trial judge, advised [the defendant] of the mandatory period of postrelease control, this court has consistently held that absent a showing of prejudice, the court has substantially complied with Crim.R. 11 in these instances.").

**{¶8}** Duncan next argues that the court violated Crim.R. 32 by failing to inform him of his right to appeal. Crim.R. 32, in relevant part, provides that the court shall advise a defendant of his or her right to appeal after imposing the sentence. The state concedes this error, but argues it is harmless. In light of the fact that Duncan nevertheless filed a notice of appeal and was appointed counsel by this court, we agree that the error was harmless. *See State v. Dews*, 2d Dist. Greene No. 2015-CA-2, 2016-Ohio-4975, ¶ 6.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR