[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Culgan v. Jefferson Cty. Clerk of Courts*, Slip Opinion No. 2024-Ohio-5699.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5699

THE STATE EX REL. CULGAN *v*. JEFFERSON COUNTY CLERK OF COURTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Culgan v. Jefferson Cty. Clerk of Courts*, Slip Opinion No. 2024-Ohio-5699.]**

*Public-records requests—R.C. 149.43—Grand-juror names and grand-jury-foreperson signature are public records—Writ granted in part and denied in part.*

(No. 2023-0959—Submitted August 13, 2024—Decided December 9, 2024.)

IN MANDAMUS.

————————————

The below per curiam opinion announcing the judgment of the court was joined by FISCHER, DEWINE, and DETERS, JJ.  KENNEDY, C.J., concurred in part and dissented in part, with an opinion joined by DONNELLY, J.  STEWART, J., concurred in part and dissented in part, with an opinion.  BRUNNER, J., concurred in part and dissented in part and would require the clerk to produce all January 1998 grand-jury reports and would award $1,000 in statutory damages.

**Per Curiam Opinion announcing the judgment of the court.**

{¶ 1} Relator, Clifford J. Culgan, requests a writ of mandamus under the Public Records Act, R.C. 149.43, ordering respondent, the Jefferson County clerk of courts ("the clerk"), to produce unredacted records responsive to a public-records request. Culgan also seeks awards of statutory damages and court costs.

{¶ 2} For the reasons below, we grant a writ of mandamus ordering the clerk to produce to Culgan copies of responsive records without redaction of the names of the grand jurors and the signature of the grand jury's foreperson. We otherwise deny the writ and deny Culgan's requests for statutory damages and court costs.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 3} In May 2023, Culgan emailed a public-records request to the clerk's office, requesting "public records related to Jefferson County Grand Jury Final Reports for October 1997, November 1997, December 1997 and January 1998." Culgan also asked that copies of the records be delivered to him by email.

{¶ 4} Deputy Clerk Christianne Benton received the request after another staff member forwarded Culgan's email to her. Benton prepared a response, consisting of copies of the grand-jury reports from the months Culgan had requested. Using Wite-Out, Benton redacted the names of the grand jurors, the signature of the grand-jury foreperson, and the case information for expunged cases. Benton saved the redacted records as a PDF file and sent the records to the email address that Culgan referred to in his public-records request. Benton sent the response to Culgan on the third business day after the clerk's office received the request. Benton attested that no pages were missing from any of the grand-jury reports she sent to Culgan.

{¶ 5} Culgan denies having received Benton's response to his public-records request. Culgan alleges that he uses an electronic application called "Boomerang," which tracks when a sent email has been opened by the addressee.

According to Culgan, Boomerang shows that his email to the clerk's office containing his public-records request was not opened until after he filed the complaint in this action. However, Benton does not know whether the addressee of the email in which Culgan submitted his public-records request opened it before forwarding it to Benton.

{¶ 6} Culgan filed this mandamus action in August 2023 and an amended complaint in September 2023 seeking (1) a writ of mandamus compelling the clerk to provide him with the grand-jury reports he requested, (2) an award of statutory damages, and (3) an award of court costs. The clerk filed an answer to the amended complaint, denying that Culgan was entitled to relief and averring that the requested records were provided to Culgan five days after the clerk's office received the public-records request.

{¶ 7} This court granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs. 2024-Ohio-202. We also ordered the clerk to file under seal for in camera inspection unredacted copies of the grand-jury reports at issue. 2024-Ohio-5204.[1]

## II. ANALYSIS

### A. Mandamus Claim

{¶ 8} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To obtain a writ of mandamus under the Public Records Act, Culgan must show that he has a clear legal right to the relief he requests and that the clerk has a clear legal duty to provide it. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 5.

---

1. Culgan filed a motion for our in camera inspection of the contested public records. Because we sua sponte ordered the clerk to file unredacted copies of the grand-jury reports for in camera inspection, we deny Culgan's motion as moot.

### 1. Completeness of the Clerk's Response

{¶ 9} Culgan acknowledges that the clerk produced records responsive to his public-records request after he commenced this action. However, Culgan contends that the response was incomplete. Specifically, Culgan contends that the clerk has not provided all January 1998 grand-jury reports.

{¶ 10} A public office may establish by affidavit that all existing public records responsive to a request have been provided. *State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 15. In this case, the clerk submitted affidavit testimony from Deputy Clerk Benton stating that she sent "every page of every responsive record kept by the Clerk's office" in response to Culgan's public-records request. Included in this production were three pages of records responsive to Culgan's request for the January 1998 grand-jury reports. The first two pages consist of the "entry on grand jury," file-stamped January 9, 1998, which show (with redactions) information on the true bills presented by the grand jury. The third page, also file-stamped January 9, 1998, is the "report of grand jury," which summarizes the grand jury's activity. The report states that the grand jury was in session for 1 day, examined 7 witnesses covering 14 cases, presented 11 true bills, and returned no indictments in 3 cases.

{¶ 11} To rebut the clerk's claim that all responsive records have been produced, Culgan must submit "clear and convincing evidence showing a genuine issue of fact that additional responsive records exist," *Frank* at ¶ 15. According to Culgan, the clerk's production of records is incomplete because it does not contain any report after January 9, 1998. Culgan attests that he knows of one criminal case involving a person who was indicted in January 1998 and another case involving a person against whom charges were presented to the grand jury that same month, neither of which is contained in the January 1998 report that was produced by the clerk. Culgan contends that to respond fully to his request for the January 1998 grand-jury reports, the clerk should have produced records that were filed in early

February 1998, which presumably would have included reports of grand-jury activity after January 9, 1998.

{¶ 12} Culgan has not met his burden to rebut Benton's affidavit testimony that she responded fully to his records request. Culgan's belief that at least two other cases were brought before the grand jury in January 1998 is not clear and convincing evidence. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 26 (the requester's good-faith belief is not sufficient evidence to show the existence of responsive records). And even if we were to assume that a grand-jury report from February 1998 exists that covers grand-jury activity after January 9, 1998, that fact would not entitle Culgan to a writ of mandamus. It is the requester's responsibility to identify with reasonable clarity the records he wants to inspect. *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 29. And here, it is not clear from Culgan's public-records request that a grand-jury report filed *in February 1998* is a responsive record. Culgan sought "public records related to Jefferson County Grand Jury Final Reports for October 1997, November 1997, December 1997 and January 1998." The clerk reasonably construed this request as Culgan's seeking grand-jury reports that were *filed* in those months. Benton's affidavit testimony therefore establishes that she provided grand-jury final reports for each of the months that Culgan requested.

## 2. Validity of Redactions

{¶ 13} When Benton provided the grand-jury reports to Culgan, she had redacted the names of the grand jurors, the signature of the grand-jury foreperson, and the identifying information of some cases. Culgan argues that there is no legal basis for these redactions, and he seeks a writ of mandamus ordering the clerk to produce full, unredacted copies of documents that are not exempt from disclosure under the law. He also argues that he is entitled to the writ because the clerk's office failed to explain the reasons and provide legal authority for the redactions.

{¶ 14} A public office is required to make available copies of a public record to any person upon request and must do so within a reasonable period. R.C. 149.43(B)(1). If a request is denied "in part or in whole," the records custodian must provide the requester with an explanation. R.C. 149.43(B)(3). "A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction." R.C. 149.43(B)(1). For his part, the clerk argues that he did not have to explain any redactions to Culgan under R.C. 149.43(B)(3), because the redactions were authorized by state law and therefore were not considered a "denial of a request" under R.C. 149.43(B)(1). *See also* R.C. 149.43(A)(1)(v) ("Records the release of which is prohibited by state law" are not public records).

{¶ 15} When a public office redacts information from records produced in response to a public-records request, the public office bears the burden of proving that the redacted information falls squarely within an exception to disclosure under the Public Records Act. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 25; *see also State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, ¶ 10.

{¶ 16} With regard to case information, the clerk has submitted the affidavit of Benton, who testified that she redacted case information for expunged cases. These redactions are appropriate. Under Ohio law, the term "expunge" is used to describe the process of sealing criminal records under R.C. 2953.32 to 2953.521. *See* R.C. 2953.31(B)(1) and (2). Properly sealed court records are not public records subject to the Public Records Act. *See* R.C. 149.43(A)(1)(v); *see also State ex rel. Highlander v. Rudduck*, 2004-Ohio-4952, ¶ 11. Our in camera review of the unredacted grand-jury reports has uncovered no other case information that was redacted.

{¶ 17} As for the redaction of the grand jurors' names and the signature of the foreperson, the clerk relies on *State ex rel. Beacon Journal Pub. Co. v. Bond*,

2002-Ohio-7117, for the proposition that prospective jurors' names are categorically not public records. In *Bond*, a newspaper sought a writ of mandamus to compel production under the Public Records Act of jury questionnaires completed by prospective jurors in a capital murder trial and a list of jurors' names and addresses. *Id.* at ¶ 1-3. This court affirmed the court of appeals' denial of the writ in part, holding that information "regarding prospective and impaneled jurors" does not constitute a record, because it does "little to ensure the accountability of government or shed light on the trial court's performance of its statutory duties." *Id.* at ¶ 11. Accordingly, while the questions on the juror questionnaires distributed to prospective jurors were public records subject to disclosure, the answers provided by the prospective and impaneled jurors were not. *Id.* at ¶ 13.

{¶ 18} The clerk relies on *Bond* as setting forth a blanket rule that grand jurors' names are not public records and could therefore be redacted from the grand-jury reports that were produced to Culgan. But *Bond* does not stand for such a rule. The names and addresses of the prospective jurors in *Bond* were not "records" subject to disclosure, because "the trial court . . . did not use the requested information in rendering its decision, but rather collected the questionnaires for the benefit of litigants in selecting an impartial jury and maintained the jurors' names and addresses for the administrative purpose of identifying and contacting individual jurors." *Id.* at ¶ 12.

{¶ 19} In this case, the clerk redacted from the grand-jury reports the names of grand jurors who sat on the panels that decided whether to return an indictment. But the names of the grand jurors in those reports are distinguishable from the names and personal information of the prospective jurors in *Bond*. Standing alone, the names and personal information disclosed by the prospective jurors in *Bond* did not serve to document any functions, procedures, or operations of the trial court. *Id.* at ¶ 11. But the names of the grand jurors in the reports at issue here are different because those grand jurors executed the responsibilities of the grand jury. Put another

way, the signature of the grand-jury foreperson and the names of the grand jurors who considered the cases documented the functions, procedures, and operations of the grand jury of the Jefferson County Court of Common Pleas by disclosing who performed the functions necessary to indict (or decline to indict). Indeed, the concurrence of a certain number of grand jurors and the signature of the grand-jury foreperson are essential to an indictment under Crim.R. 6(F). Thus, the rationale of *Bond* does not justify the redaction of the grand jurors' names or the signatures of the foreperson.

{¶ 20} For these reasons, we grant a writ of mandamus as to the grand jurors' names but deny the writ as to the information pertaining to expunged cases.

### 3. Visibility of Redactions

{¶ 21} Culgan also argues that the redactions to the grand-jury reports produced by the clerk do not comply with R.C. 149.43(B)(1), because the redactions are not plainly visible on the copies provided to him. This contention is without merit.

{¶ 22} R.C. 149.43(B)(1) states:

> When making [a] public record available for public inspection or copying [a] public record, the public office or the person responsible for the public record shall notify the requester of any redaction *or make the redaction plainly visible*. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.

(Emphasis added.) Culgan contends that the clerk's redactions on the records produced to him are not plainly visible, because by redacting using Wite-Out, the clerk left it unclear whether and where certain information was redacted.

8

**{¶ 23}** We disagree. In *State ex rel. Clark v. Toledo*, 62 Ohio St.3d 452 (1992), the public-records requester made an argument similar to the one Culgan makes here, contending that the method of redaction "should involve 'blacking out' those portions withheld from release, rather than 'whiting out,' " *id.* at 454. This court declined to hold that "blacking out" be the required method of redaction under the Public Records Act, holding instead that "the details as to compliance with Ohio's public records law are left to the agency involved." *Id.* Thus, the clerk argues here that Benton's use of Wite-Out to redact information from the records she produced to Culgan is not prohibited by R.C. 149.43(B)(1). And based on our in camera review of the unredacted documents, we find the nature and extent of the redactions here are clear.

**{¶ 24}** Accordingly, we conclude that in this case, the clerk complied with R.C. 149.43(B)(1) in making redactions plainly visible.

### B. Statutory Damages

**{¶ 25}** Culgan also seeks an award of statutory damages. R.C. 149.43(C)(2) provides that a public-records requester shall be entitled to statutory damages if (1) he made a public-records request by electronic transmission, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the records being requested, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). Damages accrue at $100 for each business day during which the clerk failed to meet his R.C. 149.43(B) obligations, beginning on the day that a mandamus action is filed, up to a maximum of $1,000. R.C. 149.43(C)(2).

**{¶ 26}** Culgan alleges that he is eligible for an award of statutory damages because it is undisputed that he transmitted his public-records request by email. And the clerk does not dispute that he is a proper respondent or that Culgan's request fairly described the records sought. Accordingly, whether a statutory-damages award is proper turns on whether the clerk failed to comply with an

obligation under R.C. 149.43(B). *See State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 17.

**{¶ 27}** The parties' arguments focus on whether the clerk responded to Culgan's public-records request in May 2023 (as the clerk contends) or only after Culgan commenced this action in August 2023 (as Culgan contends). The evidence before us establishes that Benton sent an email to Culgan attaching responsive records in May 2023 but that Culgan did not receive that communication. This discrepancy is of no moment for purposes of a statutory-damages determination. "Nothing in R.C. 149.43(B) requires a public office to confirm delivery of an email or to follow up with the sender to ensure receipt." *State ex rel. Fluty v. Raiff*, 2023-Ohio-3285, ¶ 24.

**{¶ 28}** Regardless of when the clerk provided responsive records, Culgan argues that he is entitled to "full statutory damages" because he has not, to date, received fully unredacted copies of the records he requested. As we determined above, the clerk had a valid basis for redacting some case information but not the grand jurors' names from the records provided to Culgan. Nonetheless, we decline to award statutory damages.

**{¶ 29}** A court may reduce or decline to award statutory damages if it determines that (1) based on "the ordinary application of statutory and case law as it existed at the time," a well-informed person responsible for the requested records believed that the redactions were proper and (2) a well-informed person responsible for the records reasonably believed that the redactions would serve the public policy that underlies the authority for the redactions. *See* R.C. 149.43(C)(2)(a) and (b). Even though this court's decision in *Bond*, 2002-Ohio-7117, does not provide a valid basis for redacting the grand jurors' names, the clerk reasonably believed that our analysis in *Bond* extended to include the redaction of the names of the grand jurors in the records that Culgan requested. We therefore deem an award of statutory damages to be unwarranted.

*C. Court Costs*

**{¶ 30}** Culgan also asks for an award of court costs. There are no costs to award, however, because Culgan filed an affidavit of indigency and therefore had no obligation to pay court costs in this case. *See State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 16. We therefore deny Culgan's request.

### III. CONCLUSION

**{¶ 31}** For the foregoing reasons, we grant a writ of mandamus ordering the clerk to provide copies of the Jefferson County grand-jury reports requested by Culgan without redacting the grand jurors' names or the grand-jury foreperson's signature. We deny the writ as to Culgan's request for fully unredacted reports, because the clerk's redactions of case information on those reports were proper. We deny Culgan's requests for statutory damages and court costs and deny as moot his motion for in camera inspection.

Writ granted in part

and denied in part.

———————————

**KENNEDY, C.J., joined by DONNELLY, J., concurring in part and dissenting in part.**

**{¶ 32}** I concur in the majority's decision to grant relator, Clifford J. Culgan, a writ of mandamus compelling respondent, the Jefferson County clerk of courts, to produce copies of the county's grand-jury reports without redacting the grand jurors' names or the grand-jury foreperson's signature. I also concur in the majority's decision to deny the writ as to Culgan's request for fully unredacted reports and to deny court costs in accordance with *State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 16. However, I part ways with the majority to the extent that it denies Culgan an award of statutory damages.

**{¶ 33}** As explained below, the clerk's reliance on *State ex rel. Beacon Journal Publishing Co. v. Bond*, 2002-Ohio-7117, is not a reasonable basis for

redacting the grand jurors' names and grand-jury foreperson's signature from the county grand-jury reports. The lead opinion agrees that "*Bond . . .* does not provide a valid basis" for these redactions, but then it perplexingly holds that the clerk's decision was based on a reasonable application of *Bond*. Lead opinion, ¶ 28. Because this rationale does not satisfy the requirements of R.C. 149.43(C)(2)(a) and (b)—which delineate when a court may reduce or deny an award of statutory damages—I would award Culgan statutory damages in the amount of $1,000. I dissent from the court's judgment to the extent that it does not.

### Law and Analysis

{¶ 34} R.C. 149.43(C)(2) permits a court to award statutory damages to a public-records requester in a mandamus action when a public office or public-records custodian wrongfully withholds or redacts a requested public record. *See* R.C. 149.43(B)(1) ("A redaction shall be deemed a denial of a request . . . ."). However, a court may reduce that award or deny it altogether if it determines both of the following:

> (a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with [R.C. 149.43(B)] and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)];

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

R.C. 149.43(C)(2).

{¶ 35} The first prong of the R.C. 149.43(C)(2) two-part test for denying an award of statutory damages requires that a public office or public-records custodian show that a well-informed person would have reasonably believed that the ordinary application of statutory law and case law at the time of the denial permitted him or her to withhold the requested record. Here, relying on *Bond*, 2002-Ohio-7117, the clerk contends that grand jurors' names and the grand-jury foreperson's signature may be redacted from the records that Culgan has requested. However, no well-informed, reasonable person would believe that the ordinary application of this court's holding in *Bond* would justify these redactions.

{¶ 36} In *Bond*, a publishing company requested jury questionnaires and a list of jurors' names and addresses from the Summit County Court of Common Pleas in connection with the prosecution of Denny Ross. *Id.* at ¶ 1. This court held in *Bond* that the list of jurors' names was not itself a public record, because it was maintained for the "administrative purpose of identifying and contacting individual jurors." *Id.* at ¶ 12. But, as for the names themselves, there is a *presumption of openness* for the disclosure of jurors' names that may be overcome "'only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.' " *Id.* at ¶ 46, quoting *Press-Enterprise Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 510 (1984). And to rebut this presumption, a court must "articulate particularized

findings that necessitate[] the total suppression of juror names." *Id.* Hence, in *Bond* the jurors' names were subject to disclosure absent findings that would rebut the presumption of openness. *Id.*

{¶ 37} For Culgan's public-records request in this case, an ordinary application of this court's holding in *Bond* does not warrant the redactions of the grand jurors' names and the grand-jury foreperson's signature. The clerk has not provided any evidence to rebut the presumption of openness for grand jurors' names, nor has the clerk provided a basis for distinguishing jurors' names from grand jurors' names. In contrast, an ordinary application of this court's holding in *Bond*—as required by R.C. 149.43(C)(2)(a)—would lead a well-informed public office or public-records custodian to reasonably believe that the grand jurors' names and the foreperson's signature should be disclosed absent particularized findings supporting their redactions. Therefore, the clerk has failed to establish— and the lead opinion improperly determines—that the first prong of R.C. 149.43(C)(2) has been met. And because both prongs of the test must be met to deny a public-records requester an award of statutory damages, no basis exists to deny the award for damages in this case.

{¶ 38} But even if the clerk had met the burden of showing that the denial of Culgan's request for the grand jurors' names and the grand-jury foreperson's signature was reasonably based on an ordinary application of the law at the time, the clerk's redactions still fail to satisfy the second prong of the test as set forth in R.C. 149.43(C)(2)(b). The clerk has not provided any basis for us to determine that the redactions "would serve the public policy," R.C. 149.43(C)(2)(b), underlying the authority relied on for the redactions. And the lead opinion provides no rationale for holding that the underlying public policy has been met. Therefore, the lead opinion incorrectly concludes that the clerk's redactions have met the public-policy requirement of R.C. 149.43(C)(2)(b).

14

**Conclusion**

{¶ 39} This court continues to deny awards of statutory damages to public-records requesters without applying the requirements of R.C. 149.43(C)(2)(a) and (b). *See generally State ex rel. Ware v. O'Malley*, 2024-Ohio-5242, ¶ 24-38 (Kennedy, C.J., concurring in part and dissenting in part). But R.C. 149.43(C)(2) does not permit courts to simply deny an award of statutory damages at their whim. Instead, the General Assembly has created a two-part test by which a court can determine whether *both* the ordinary application of the law at the time of the request *and* the underlying public policy for the authority asserted in denying the request permit a well-informed public office or public-records custodian to reasonably believe that withholding or redacting a requested public record is appropriate. Only then may a court reduce or deny an award of statutory damages.

{¶ 40} In my view, the majority errs in not awarding statutory damages to Culgan. For this reason, I dissent in part from the court's judgment and would award Culgan statutory damages in the amount of $1,000 pursuant to R.C. 149.43(C)(2).

_____

**STEWART, J., concurring in part and dissenting in part.**

{¶ 41} I agree with the majority's decision to deny relator, Clifford J. Culgan, a writ of mandamus regarding his request for unredacted information on grand-jury reports pertaining to expunged cases. I also agree with the majority's decision to deny Culgan's request for statutory damages and court costs. I disagree, however, with the majority's decision to grant a writ of mandamus ordering respondent, the Jefferson County Clerk of Courts, to produce to Culgan copies of responsive records without redacting the grand jurors' names. Because I would deny the writ as to this request, I concur in part and dissent in part.

{¶ 42} Crim.R. 6(E) states, "Deliberations of the grand jury and the vote of any grand juror shall not be disclosed." Pursuant to the form of indictment set forth

in R.C. 2941.06, the grand jurors' names are not listed on a "true bill"—just the signature of the grand jury's foreperson. Because the indictment is part of a criminal court record, it appears that state law does not restrict the disclosure of the signature of the grand jury's foreperson. However, grand jurors' names are not part of the indictment form and therefore are not part of the case record. The unredacted grand-jury reports at issue here list the individual grand jurors by name and indicate against whom the grand jury voted to return "true bills" of indictments. We can presume that the required number of grand jurors listed voted in favor of indictment in those cases for which an indictment was returned. Therefore, disclosing the grand jurors' names on the reports essentially discloses the votes of grand jurors, which Crim.R. 6(E) prohibits. For that reason, I would deny the writ with respect to the disclosure of the grand jurors' names. Accordingly, I concur in part and dissent in part.

——————————

Clifford J. Culgan, pro se.

Isaac Wiles & Burkholder, L.L.C., Aaron M. Glasgow, and Gareth A. Whaley, for respondent.

——————————