[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mauk v. Sheldon*, Slip Opinion No. 2025-Ohio-5611.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5611

THE STATE EX REL. MAUK *v.* SHELDON, SHERIFF, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mauk v. Sheldon*, Slip Opinion No. 2025-Ohio-5611.]**

*Mandamus—Public-records requests—Respondents failed to satisfy their burden of proving that information other than Social Security numbers redacted from records produced to relator fell under a disclosure exemption—Improper redactions respondents made to records responsive to three public-records requests constitute improper denials of the requests under R.C. 149.43(B)(1), and respondents have failed to produce properly redacted records, warranting a statutory-damages award—An attorney-fee award would be disproportionate in that relator has prevailed on only a small fraction of her mandamus claims—Writ granted in part and denied in part, relator awarded $2,000 in statutory damages, relator's request for court costs granted, and relator's request for attorney fees denied.*

(No. 2023-1300—Submitted July 8, 2025—Decided December 19, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. FISCHER, J., concurred except as to the award of statutory damages. KENNEDY, C.J., concurred in part and dissented in part, with an opinion joined by BRUNNER, J.

**Per Curiam.**

{¶ 1} In this public-records mandamus action, relator, Andrea Mauk ("Mauk"), sought an order compelling respondents—the Richland County Sheriff's Office and Sheriff Steve Sheldon (collectively, "the sheriff") and the Ohio Department of Public Safety and its director, Andy Wilson (collectively, "ODPS")—to produce records responsive to several public-records requests she had submitted. Mauk also requested awards of statutory damages, attorney fees, and court costs. In a previous decision, we denied all requested relief as to ODPS. 2025-Ohio-1221, ¶ 46. As to Mauk's claim against the sheriff, we ordered the sheriff to file under seal unredacted copies of records responsive to three of Mauk's records requests and held our decision in abeyance as to her requests for awards of damages, fees, and costs pending in camera review of the unredacted documents. *Id.* at ¶ 32.

{¶ 2} Mauk has filed a motion for reconsideration. The sheriff filed a response in opposition and also complied with our order, filing under seal unredacted copies of records responsive to public-records request Nos. 6, 10, and 11.

{¶ 3} We deny Mauk's motion for reconsideration. And on our deferred consideration of Mauk's claims against the sheriff, we grant the writ in part because the sheriff has not shown that a Public Records Act exemption applies to information the sheriff redacted from the records produced to Mauk. *See* R.C.

149.43(A). We also award Mauk statutory damages and court costs but deny her request for an award of attorney fees.

## I. MOTION FOR RECONSIDERATION

{¶ 4} "This court has the authority to grant motions for reconsideration filed under S.Ct.Prac.R. 18.02 in order to 'correct decisions which, upon reflection, are deemed to have been made in error.'" *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, 2017-Ohio-7577, ¶ 2, quoting *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383 (1995). Reconsideration is not available when a movant seeks merely to reargue the case. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2014-Ohio-1940, ¶ 9.

{¶ 5} Mauk asks this court to reconsider two determinations we made in our prior decision. Reconsideration is not warranted as to either conclusion.

### A. Sheriff's Admission in Answer

{¶ 6} Our prior opinion sets forth the factual background underlying Mauk's mandamus claims. *See* 2025-Ohio-1221 at ¶ 3-6, 17-24. Mauk's son, Damon, was killed in an automobile accident in June 2023. Mauk alleges that a sheriff's deputy found certain personal effects of Damon at the accident scene and gave them to a man who had presented himself to the deputy as being Damon's father. Mauk states that she has been trying to recover Damon's property since that time.

{¶ 7} On July 10, 2023, Mauk asked the sheriff for, among other things, "footage from the body-worn cameras of the deputies who gave away [Damon Mauk's] property." In its original submission of evidence, the sheriff included an affidavit in which Captain James Sweat attested that there "was no body-worn camera footage available from the hospital" where Damon Mauk was taken and where his property was given to his father and that camera footage recorded at the accident scene was never specifically requested.

{¶ 8} In denying Mauk's request for mandamus relief as to the body-worn camera footage, we determined that she had "failed to rebut Captain Sweat's affidavit with clear and convincing evidence that she orally requested body-camera footage from the scene of the accident as opposed to footage from the hospital." 2025-Ohio-1221 at ¶ 26. Mauk takes issue with this determination, contending that the sheriff's admission in answering the amended complaint that Mauk "made a public records request for the body worn camera footage relating to Damon Mauk's accident" constitutes an admission that the body-camera footage requested included footage recorded at the scene of the accident.

{¶ 9} Mauk's argument does not provide a basis for reconsideration, because she is simply rearguing a point she already made in her merit briefing. We previously found the argument unpersuasive because the sheriff's admission in the answer was not necessarily inconsistent with Captain Sweat's affidavit. *See id.* at ¶ 25-26.

### B. Civ.R. 36 Requests for Admission

{¶ 10} In January 2024, Mauk served requests for admission on the sheriff under Civ.R. 36 while this matter was under a mediation stay. *See* 2023-Ohio-3847 (entering stay on October 24, 2023); 2024-Ohio-523 (returning case to regular docket on February 13, 2024). The sheriff did not answer the requests until October 2024, on the same day that the sheriff's evidence in this case was filed in accordance with our scheduling order. Mauk argued that by failing to timely respond to the requests for admission, the sheriff had admitted that (1) all the allegations in the amended complaint are true, (2) the sheriff possessed responsive public records that had not been produced, and (3) the sheriff had acted in bad faith in failing to produce responsive records. We rejected Mauk's argument. 2025-Ohio-1221 at ¶ 15.

{¶ 11} Mauk now argues that reconsideration of this issue is warranted because we sua sponte withdrew the sheriff's Civ.R. 36 admissions, thereby

materially assisting the sheriff at her expense, failing to live up to our own standards of fairness and integrity, and violating her right to due process.

{¶ 12} Mauk's argument is unpersuasive. Like her argument related to the admission in the sheriff's answer, the issue related to the Civ.R. 36 admissions was fully litigated in the parties' merit briefs. We thoroughly explained our reasons for rejecting Mauk's Civ.R. 36 argument. *See id.* at ¶ 12-16. Mauk's mere disagreement with this court and reargument of the issue are not a valid basis for reconsideration.

## II. MANDAMUS CLAIMS HELD IN ABEYANCE

{¶ 13} With respect to the sheriff, there were originally 11 public-records requests at issue. *Id.*, 2025-Ohio-1221, at ¶ 17-24. At the time of our decision, Mauk's only remaining mandamus claims related to request Nos. 3, 6, 10, and 11. *See id.* at ¶ 25-27. We denied the writ as to request No. 3 and held in abeyance our determinations on the remaining issues—i.e., whether Mauk was entitled to unredacted copies of the records responsive to request Nos. 6, 10, and 11 and whether she was entitled to awards of statutory damages, attorney fees, and court costs. *Id.* at ¶ 26, 32, 46.

{¶ 14} In public-records request No. 6, Mauk asked for all public-records requests received by the sheriff from September 1 through 14, 2023. In request Nos. 10 and 11, Mauk asked for all public-records requests received by the sheriff from July 1 through 14, 2023, and August 1 through 14, 2023, respectively. The sheriff's responses to request Nos. 6, 10, and 11 state that certain information had been redacted from the responsive records the sheriff provided to Mauk based on various statutory exemptions from public-records disclosure. As discussed below, the sheriff indicated that the redactions included (A) Social Security numbers under R.C. 149.43(A)(1)(dd), (B) victims' names and addresses under R.C. 149.43(A)(2)(d), (C) victims' phone numbers under R.C. 149.43(A)(1)(mm), and (D) "personal notes"

under this court's decisions in *State ex rel. Steffen v. Kraft*, 1993-Ohio-32, and *State ex rel. Cranford v. Cleveland*, 2004-Ohio-4884.

{¶ 15} When a public office redacts information from records produced in response to a public-records request, the public office bears the burden of proving that the redacted information falls squarely within an exemption to disclosure under R.C. 149.43, the Public Records Act. *State ex rel. Culgan v. Jefferson Cty. Clerk of Courts*, 2024-Ohio-5699, ¶ 15.

### A. Social Security Numbers

{¶ 16} Our review of the unredacted copies of the records responsive to public-records request Nos. 6, 10, and 11 shows that the sheriff redacted Social Security numbers from at least three records produced to Mauk. Because Social Security numbers are exempt from public-records disclosure, these redactions are proper. *See* R.C. 149.43(A)(1)(dd) and 149.45(A)(1)(a).

### B. Victim Information

{¶ 17} On numerous records produced to Mauk, the sheriff redacted the names and addresses of persons identified on the records. In other instances, the sheriff redacted only names.

{¶ 18} To justify these redactions, the sheriff invoked R.C. 149.43(A)(2)(d), specifically referring to the need to protect victims' names and addresses. By citing R.C. 149.43(A)(2)(d), the sheriff was relying on the exemption for confidential law-enforcement investigatory records ("CLEIR"). *See* R.C. 149.43(A)(1)(h) (exempting CLEIR from public-records disclosure) and 149.43(A)(2) (defining "CLEIR"). R.C. 149.43(A)(2)(d) defines "CLEIR" as including "any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of . . . [i]nformation that would endanger the life or physical safety of . . . a crime victim." Thus, to qualify as a CLEIR, a record must satisfy two requirements: first, the record must be a confidential law-enforcement record and second, release

of the record must create a high probability of disclosing any of the four kinds of information specified in R.C. 149.43(A)(2) (here, information that would endanger a crime victim's life or physical safety). *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 25.

{¶ 19} As the proponent of the CLEIR exemption in this case, the sheriff has the burden to prove that it applies to the redacted information. *See State ex rel. Standifer v. Cleveland*, 2022-Ohio-3711, ¶ 22. The sheriff has not made that showing here. The first requirement of the CLEIR definition is not satisfied, because the records containing the redacted names are not law-enforcement records but, rather, public-records requests submitted to the sheriff's office. While the requests, in some cases, *ask for* law-enforcement records, the sheriff has not shown that the requests *themselves* are law-enforcement records. Indeed, the public-records requests submitted to the sheriff, in and of themselves, do not appear to have anything to do with the sheriff's investigation of crimes. *See State ex. rel. Natl. Broadcasting Co. v. Cleveland*, 57 Ohio St.3d 77, 79 (1991) ("records compiled pursuant to criminal investigations that police routinely perform when they investigate crimes" satisfy first requirement of CLEIR definition).

{¶ 20} Nor does the redacted information satisfy the second requirement of the CLEIR definition. Even if a law-enforcement record contains victim information, the record is not exempt from disclosure unless its release would create a "high probability" of disclosing information that would endanger a crime victim's life or physical safety. R.C. 149.43(A)(2)(d). The sheriff submitted no evidence on this point, and it is not apparent when viewing the redacted information that this requirement is satisfied. In many instances, it is not even apparent that the redacted name and/or address are those of a crime victim. Accordingly, the sheriff has not shown that names and addresses were properly redacted from the records produced to Mauk.

{¶ 21} In some records, the sheriff also redacted the phone number of a public-records requester along with the requester's name. To justify the redaction of phone numbers, the sheriff cited R.C. 149.43(A)(1)(mm), which exempts from disclosure "telephone numbers for a victim . . . or a witness to a crime *that are listed on any law enforcement record or report*." (Emphasis added.) But for this provision to apply, the phone number must be listed on a "law enforcement record or report." As noted above, a public-records request submitted to the sheriff's office is not a "law enforcement record or report," so this exemption does not appear to be applicable. And the sheriff's merit brief contains no analysis as to how R.C. 149.43(A)(1)(mm) applies to the records at issue here. *See Adams v. Harris*, 2024-Ohio-4640, ¶ 62 (observing that the lack of meaningful analysis to support an argument is a sufficient basis for rejecting the argument).

### C. Descriptions and Handwritten Notes

{¶ 22} In addition to names, addresses, phone numbers, and Social Security numbers, the sheriff redacted from records provided to Mauk the descriptions of certain records requested as well as certain handwritten notations that do not appear to be part of an original records request but show information relating to the processing of the request. To justify these redactions, the sheriff relies on the CLEIR exemption and caselaw in which we held that a public official's personal notes are not public records subject to disclosure under R.C. 149.43. The sheriff has not shown, however, that the redactions are proper for these reasons.

{¶ 23} As explained above, the CLEIR definition does not apply to the records at issue because the records are not law-enforcement records or reports and, even if they were, the sheriff has not shown how release of the redacted information would create a high probability of endangering the life or physical safety of a crime victim.

{¶ 24} Regarding the handwritten notes that were redacted, the cases the sheriff relies on are inapposite. In *Steffen*, 1993-Ohio-32, this court held that a trial

judge's personal handwritten notes taken during the course of a trial were not public records, because the judge kept them for his own convenience and the notes were "not official records" of the court, *id.* at ¶ 7. And in *Cranford*, 2004-Ohio-4884, we held that a public official's "personal notes" that he kept for his own convenience and that "were not kept as part of the . . . [public office's] official records" were not public records, *id.* at ¶ 18.

{¶ 25} *Steffen* and *Cranford* are inapplicable in this case for two reasons. First, the sheriff has not established that the notes redacted here were, in fact, "personal notes" of a public official. The only evidence supporting that assertion consists of the statements of counsel, and because the statements are unsworn, the sheriff may not rely on them. *See State ex rel. Mack v. Richland Cty. Sheriff's Office*, 2024-Ohio-2748, ¶ 17 (noting that statement of counsel was unsworn in concluding that it did not support denial of writ as to public-records request). And nothing on the face of the redactions indicates that the notes were kept for only the note writer's personal use or convenience. Second, the personal notes in *Steffen* and *Cranford* were not official records kept by the public office. *See Steffen* at ¶ 7; *Cranford* at ¶ 18. In contrast, here, the sheriff redacted information from public records maintained by the sheriff. The notes at issue in this case were made on files kept by the public office and were accessible by other employees in the public office.

**D. We Grant the Writ in Part**

{¶ 26} For the reasons stated above, with the exception of Social Security numbers, the sheriff has not met the burden of proving that the information redacted from the records produced to Mauk fell under an exemption to public-records disclosure. We therefore grant the writ in part—i.e., with respect to records request Nos. 6, 10, and 11. Specifically, we order the sheriff to provide Mauk with copies of the records previously provided to her in response to these requests (i.e., copies of exhibit Nos. 3 and 6 in the sheriff's evidence) but this time redacting only Social Security numbers and leaving the records otherwise unredacted.

### III. STATUTORY DAMAGES, ATTORNEY FEES, AND COURT COSTS

{¶ 27} In addition to Mauk's public-records request Nos. 6, 10, and 11, we also deferred our consideration of her requests for awards of statutory damages, attorney fees, and court costs as to her claims against the sheriff. 2025-Ohio-1221 at ¶ 32. For the reasons explained below, we award Mauk statutory damages and court costs but deny her request for an attorney-fee award.

### A. Statutory Damages and Court Costs

{¶ 28} A public-records requester is entitled to statutory damages if (1) he or she transmitted a request by hand delivery, electronic submission, or certified mail, (2) the request was transmitted to the public office or person responsible for the public records, (3) the request fairly described the public records being sought, and (4) the public office or person responsible for public records failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).[1] The requester must prove his or her entitlement to statutory damages by clear and convincing evidence. *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6. Here, it is not disputed that Mauk or her counsel transmitted her requests electronically or that she adequately described the records she was seeking.

{¶ 29} In this case, Mauk seeks statutory damages from the sheriff for failing to timely produce records in response to public-records request Nos. 4 and 5 and for failing to provide unredacted copies of records in response to request Nos. 6, 10, and 11.

{¶ 30} Regarding public-records request Nos. 4 and 5, Mauk argues that she is entitled to statutory damages because the sheriff did not produce records responsive to these requests until November 2023, almost one month after she filed this

---

1. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

mandamus action. However, this court did not find that the sheriff failed to comply with R.C. 149.43(B) in responding to request Nos. 4 and 5. In our prior decision, we found that request Nos. 4 and 5 were moot because the sheriff produced the records after Mauk initiated this action. *See* 2025-Ohio-1221 at ¶ 20. It is true that a public office's production of requested public records after the relator filed suit does not moot the relator's claim for statutory damages. *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7. But the relator must still prove that the public office failed to comply with an obligation under R.C. 149.43(B). *See, e.g.*, *id.* at ¶ 9 (awarding statutory damages despite mootness because public office had failed to promptly produce the requested record).

{¶ 31} In this case, Mauk's only argument in support of her statutory-damages claim with respect to public-records request Nos. 4 and 5 is that the records were not produced until 20 days after she filed this suit. She does not argue that this was an unreasonable amount of time under the circumstances or that the sheriff failed to comply with R.C. 149.43(B). *See State ex rel. Stuart v. Greene*, 2020-Ohio-3685, ¶ 8 (determining that the relator had not carried his burden of showing entitlement to statutory damages when he had neither suggested a reason why the amount of time it took for the record to be produced was unreasonable nor suggested what a more reasonable response time might have been).

{¶ 32} Mauk is, however, entitled to statutory damages in connection with public-records request Nos. 6, 10, and 11. As explained above, the redactions made to the records responsive to these requests before the sheriff provided the records to Mauk were improper, except for the redactions of Social Security numbers. Accordingly, the redactions constitute improper denials of Mauk's requests. *See* R.C. 149.43(B)(1) ("A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.").

{¶ 33} Under the Public Records Act, the amount of damages recoverable is fixed at $100 for each business day during which the public office or records custodian failed to comply with R.C. 149.43(B), beginning with the day on which the requester filed the mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2). "When a requester has sent multiple requests to the same office on the same day concerning the 'same general subject matter,' the requester is entitled to only a single statutory-damages award, not an award for each record requested." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 10, quoting *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 31. Mauk concedes that public-records request Nos. 10 and 11 amount to a single request for statutory-damages purposes, entitling her to only one damages award for these requests. Because the sheriff has yet to produce unredacted records responsive to request Nos. 10 and 11, we award Mauk $1,000 in connection with these requests. We also award her $1,000 for the sheriff's improper redactions to request No. 6, for a total statutory-damages award of $2,000.

{¶ 34} In addition, we award Mauk her court costs under R.C. 149.43(C)(3)(a)(i). Because Mauk is entitled to a writ of mandamus ordering the sheriff to produce unredacted records, an award of court costs is mandatory. *State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 25.

## B. Attorney Fees

{¶ 35} Mauk also seeks an award of her attorney fees. As relevant to Mauk's attorney-fee claim, R.C. 149.43(C)(3)(b) provides:

> If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section or if the court determines any of the following, the court may award reasonable attorney's fees to the relator . . . :
>
> (i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public

records request in accordance with the time allowed under division (B) of this section.

. . .

(iii) The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. . . .

{¶ 36} An attorney-fee award under R.C. 149.43(C)(3)(b) is discretionary. *Hicks* at ¶ 26. Here, Mauk contends that we should award attorney fees because (1) she is entitled to the writ ordering compliance with R.C. 149.43(B), (2) the sheriff acted in bad faith, and (3) the sheriff failed to respond affirmatively or negatively to public-records request Nos. 4 and 5 before she filed suit.

{¶ 37} Because we grant the writ in part and order the sheriff to produce unredacted copies of the records responsive to public-records request Nos. 6, 10, and 11 (except that the sheriff may still redact Social Security numbers), Mauk is eligible for an attorney-fee award under R.C. 149.43(C)(3)(b). Despite a requester's statutory eligibility for attorney fees, we have declined to award them under R.C. 149.43(C)(3)(b) when "an award of fees would be disproportionate in th[e] case." *State ex rel. Pool v. Sheffield Lake*, 2023-Ohio-1204, ¶ 32. For the reasons explained below, we conclude that an attorney-fee award would be disproportionate in this case, and we therefore deny Mauk's request for an attorney-fee award.

{¶ 38} In her amended complaint, Mauk requested relief against the sheriff and ODPS with respect to 20 public-records requests. 2025-Ohio-1221 at ¶ 17-24,

33.[2] Mauk established a violation of R.C. 149.43(B) with respect to only three of those requests—i.e., request Nos. 6, 10, and 11 to the sheriff. And even as to those three requests, the sheriff did not withhold records in their entirety: the dispute centered on whether redactions to the records were proper. For the remaining 17 requests that were at issue, we either denied the writ, *id.* at ¶ 26, 38, found that the records had been provided, *id.* at ¶ 20, 22, 34, found that Mauk had conceded that no responsive records existed, *id.* at ¶ 22, or observed that the requests were no longer at issue, *id.* at ¶ 34. Under the circumstances of this case, in which Mauk has prevailed on a small fraction of the mandamus claims she asserted, we deny her request for an award of attorney fees as disproportionate. *See Pool* at ¶ 32 (denying request for attorney-fee award as disproportionate when the mandamus claim on which the relator prevailed "presumably represents a small fraction of the total fees and expenses he incurred throughout this litigation").

{¶ 39} Nor does Mauk's assertion that the sheriff acted in bad faith justify an award of attorney fees. The term "bad faith" connotes a "'dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.'" *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 26, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1983), paragraph two of the syllabus. We reject Mauk's request for an attorney-fee award based on alleged bad faith because she does not explain how the sheriff's conduct satisfies this standard. *See State ex rel. Martin v. Shabazz*, 2024-Ohio-5450, ¶ 21.

{¶ 40} Finally, Mauk's argument that she is entitled to an award of attorney fees under R.C. 149.43(C)(3)(b)(i) also lacks merit. Mauk argues that this provision applies here because the sheriff had not responded to public-records request Nos. 4

---

2. Originally, this suit also involved claims against the Mifflin Township Fire Department and its chief. Mauk settled her claims against those respondents, and we granted her application to dismiss them from this action. *See* 2024-Ohio-50.

or 5 as of the date she filed her complaint in this action. Thus, she argues, the sheriff "failed to respond affirmatively or negatively" to request Nos. 4 and 5 "within a reasonable period of time." But on the record before us, it is unclear that request Nos. 4 and 5 were actually public-records requests. Mauk's mandamus claim as to these requests is based on an email she sent the sheriff in which she asked for "clarification regarding the Richland County Sheriff's Department's policy on notifying next of kin." Mauk inquired "about the department's policy on recovered property" and asked the sheriff to "provide [her] with any publicly available information on the Richland County Sheriff's Department policies on these matters." Unlike the other public-records requests at issue in this action, which expressly asked for identifiable records, this email was just a request for information, which is not a proper public-records request. *See State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-3624, ¶ 6. Moreover, though the sheriff was not required to provide records in response to Mauk's request for information, the sheriff provided policies containing the requested information less than a month after Mauk filed this suit. Under these circumstances, Mauk has failed to justify an attorney-fee award under R.C. 149.43(C)(3)(b)(i).

{¶ 41} For these reasons, we deny Mauk's request for an award of attorney fees.

## IV. CONCLUSION

{¶ 42} We deny Mauk's motion for reconsideration of our prior decision in this case. On our deferred consideration of Mauk's mandamus claims against the sheriff, we grant a writ of mandamus ordering the sheriff to produce the records responsive to public-records request Nos. 6, 10, and 11 with redaction only of Social Security numbers. The sheriff shall comply with the writ by providing to Mauk copies of the records previously filed as exhibit Nos. 3 and 6 in the sheriff's evidence but this time after redacting only Social Security numbers. We award

Mauk her court costs and $2,000 in statutory damages, but we deny her request for an award of attorney fees.

Writ granted in part
and denied in part.

———————————

**KENNEDY, C.J., joined by BRUNNER, J., concurring in part and dissenting in part.**

{¶ 43} I agree with the court's judgment granting a writ of mandamus in part and awarding statutory damages and court costs. However, I disagree with the majority's denial of an award of attorney fees.

{¶ 44} Inherent in Ohio's Public Records Act, R.C. 149.43, is "the public's right to monitor the conduct of government." *State ex rel. McCleary v. Roberts*, 2000-Ohio-345, ¶ 15. However, the significant and growing cost "of litigation can chill the exercise of that right," *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 2018-Ohio-1511, ¶ 31. To "assist[] citizens in vigorously enforcing their rights under the law," the act allows a court to award attorney fees to eligible parties. *Id.*

{¶ 45} This award is discretionary, and litigants must meet at least one of four conditions to be eligible. *See* R.C. 149.43(C)(3)(b).[3] The majority in this case has correctly determined that relator, Andrea Mauk, is eligible for an award of attorney fees because the court has "render[ed] a judgment that orders the public office or the person responsible for the public record" to produce records that she requested, *id. See* majority opinion, ¶ 35. Despite this eligibility, the majority has denied Mauk's request for attorney fees by relying on precedent that is inapplicable to the present case.

———————————

3. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

{¶ 46} In *State ex rel. Pool v. Sheffield Lake*, the relator's merit brief focused on two categories of requested records, and we denied the writ as to both. 2023-Ohio-1204, ¶ 6, 36. Pool requested attorney fees under R.C. 149.43(C)(3)(b)(i), (ii), and (iii). *Id.* at ¶ 28. Relevant here, we denied his request under subsection (b)(ii) because "any harm or inconvenience he suffered because of the three-day delay" between when the records were promised and when they were delivered "presumably represents a small fraction of the total fees and expenses he incurred throughout this litigation," *id.* at ¶ 32, which involved multiple records requests. "Therefore," we concluded, "an award of fees would be disproportionate." *Id.*

{¶ 47} None of this applies here. Unlike Pool, Mauk has prevailed: her request for a writ is granted with respect to multiple records requests. This means that not only are the factual circumstances between the two cases dissimilar, but Pool's and Mauk's eligibility for attorney-fee awards are derived from different statutory provisions. Mauk is eligible for attorney fees under R.C. 149.43(C)(3)(b) because we granted part of her requested writ. She still does not have her records even though more than 400 business days have passed since her amended complaint was filed—and over 500 since her initial complaint was filed. Pool, by contrast, was eligible for attorney fees under R.C. 149.43(C)(3)(b)(ii) and suffered only a three-day delay. This makes reliance on *Pool* inappropriate.

{¶ 48} None of the reasons for which a court must deny attorney fees apply here. To determine whether attorney fees must *not* be awarded, R.C. 143(C)(3)(c)(i) and (ii) "set forth the 'same' standard . . . with respect to the procedure a court must follow in determining whether to reduce or not award statutory damages." *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 31. This court has determined that Mauk is eligible for statutory damages in connection with the requests as to which the writ is granted, and the

amount of those damages is not being reduced for any reason. *See* majority opinion at ¶ 33. So, attorney fees may be awarded.

{¶ 49} The majority opines that awarding attorney fees in a case in which the writ is only partially granted would be disproportionate. *Id.* at ¶ 38. However, we have other options available to ensure that the amount of an attorney-fee award is reasonable. In *Wells*, for example, we granted a writ of mandamus in part and awarded attorney fees as to the portion of the writ that was granted. *Id.* at ¶ 31-32, 40. I see no reason not to do that here. The General Assembly has determined that it is in the public interest to allow a court to award attorney fees when a member of the public must retain a lawyer to exercise her right to access public records. I would award Mauk attorney fees and allow her to submit a fee application to determine the appropriate amount of the award.

{¶ 50} For these reasons, I concur in part and dissent in part.

_____

Speech Law, L.L.C., and Brian D. Bardwell, for relator.

Fishel Downey Albrecht & Riepenhoff, L.L.P., David C. Moser, and Makenzie E. McAfee, for respondents Steve Sheldon and the Richland County Sheriff's Office.

Dave Yost, Attorney General, and Ann Yackshaw and Heather L. Buchanan, Assistant Attorneys General, for respondents Andy Wilson and the Ohio Department of Public Safety.

_____